EDWARD F. BISHOP ET AL. *vs.* THE CITY OF NEW
HAVEN.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and REED, Js.

The charter of the city of New Haven (13 Special Laws, pp. 413, 414,
§§ 81, 85) provides that when an assessment of the damages
caused by a public improvement has been accepted and recorded
and the amount thereof paid to, or deposited for, the persons
entitled thereto, the land shall be and remain "taken" for public
use; but that any one aggrieved may appeal to the Superior Court,
and that no land so taken shall be occupied by the city until all
appeals have been disposed of. *Held* that a landowner who ap-
pealed and so retained the use of his premises and prevented the
city from taking possession was not entitled to recover interest
on the sum finally awarded him from the date of the first assess-
ment. To allow interest under such circumstances would practi-
cally permit the owner, pending the appeal, to have both the use
of the property and the use of the money found to be its equiva-
lent.

The damages awarded the plaintiffs on appeal were not paid until
thirty days or more after the rendition of the judgment, and in-
terest on the amount of the award for this period was allowed
them in the present suit. *Held* that they were not entitled to
recover anything further by way of interest on the interest thus
allowed.

Any diminution in value of the use of property caused by condemna-
tion proceedings, pending an appeal therein, is a proper subject
of proof and consideration upon the appellate hearing.

The Constitution of this State (Art. I, § 11) provides that private
property shall not be "taken" for public use, without just com-
pensation therefor. *Held* that in relation to condemnation pro-
ceedings, this implied an exclusion of the owner and the actual
assumption of exclusive possession, for the public purpose, by
the condemning authority.

The fact that a city did not at all times have a sufficient balance in
bank to meet orders in favor of a landowner whose land had been
taken for public use, is of no importance so long as he refuses to
accept the assessment as made.

A judge who has taken fragmentary notes of the claims of counsel
may be asked to examine them and state what claims, if any,

were made in respect to a matter subsequently in dispute be-
tween the same parties.

The case of *Shannahan* v. *Waterbury*, 63 Conn. 420, distinguished.

Argued January 26th—decided April 14th, 1909.

ACTION to recover interest on an award of damages for
the taking of land by the defendant for highway purposes,
brought to the Superior Court in New Haven County and
tried to the court, *Ralph Wheeler, J.;* facts found and judg-
ment rendered for the plaintiffs for $293, from which they
appealed. *No error.*

On the 17th of April, 1907, the defendant, by proceed-
ings pursuant to its charter (13 Special Laws, p. 388), con-
demned certain land and buildings of the plaintiffs for the
purpose of extending a city street. Damages above bene-
fits were, by the action of the bureau of compensation and
the board of aldermen of the city, assessed to the plaintiffs
in the sum of $42,804.16, and an order upon the city treas-
urer for that amount, in favor of the plaintiffs, was duly
deposited with the city controller, with orders in favor of
others to whom damages had been assessed for such street
extension. The plaintiffs refused to accept the order in
their favor, and on the 24th of May, 1907, appealed from
said assessment to the Superior Court. On the 20th of
January, 1908, the Superior Court, upon said appeal, re-
assessed said damages to the plaintiffs at $50,325.

In making said reassessment the value of the property
was taken as of the day of the original assessment.

In the argument of said appeal the plaintiffs claimed
that the reassessment should include interest on the value
of the land from April 17th, 1907, to the date of the judg-
ment, and also loss of rentals in two years.

On the 14th of February, 1908, the defendant deposited
with the controller an' additional order upon the treasurer
in favor of the plaintiffs for $7,652.94, which, with the
original order deposited, made, up the amount of said re-
assessment and costs, without interest. The defendant

set aside no separate fund for the payment of said orders, and at times its bank balance was insufficient to meet them had they been presented for payment. By an arrangement between the city and the banks they would have been paid when presented, and the city would have been charged with the overdrafts and interest thereon.

The plaintiffs refused to accept said two orders for the amount of said reassessment and costs, claiming to be entitled to interest upon the amount of the reassessment from April 17th, 1907, and on the 14th of February, 1908, obtained a temporary injunction restraining the defendant from taking possession of the plaintiffs' property. On the 25th of said February the action for an injunction was withdrawn, upon a written stipulation that the plaintiffs might accept payment of said orders without prejudice to their right "to prosecute an action for the interest claimed by them to be due on the award of damages over benefits set forth in the complaint," and without prejudice to the right of the defendant to contend that the award did not carry interest, or, if it did, that such interest was included in the judgment of the Superior Court rendered upon the appeal. On said 25th of February said orders were received by the plaintiffs and cashed, and the present suit was brought.

The plaintiffs proved, subject to defendant's objection, that the net rental value of said land and buildings from April 17th, 1907, to February 25th, 1908, was $513.39.

Upon these facts the trial court held that the plaintiffs were only entitled to recover the interest on the amount of the reassessment from January 20th, 1908, to February 25th, 1908, which was not included in the orders.

During the trial *Judge Gager*, the judge of the Superior Court who presided at the trial of said appeal from the assessment, having as a witness testified that he had fragmentary notes of the claims of counsel at said trial, was asked by defendant's counsel to examine them and state

what claims, if any, plaintiffs' counsel made at said trial concerning the recovery of interest on the valuation of the land taken, from April 17th, 1907, to the date of judgment of reassessment. The witness answered: "I have a note that Mr. Beers claimed a loss on rentals in two years of $2,000, also interest from April, 1907. That is all that indicates any such claim." Counsel for defendant did not offer said memorandum in evidence. The plaintiffs objected to this question upon the ground that while the witness might testify to the fact, and use his notes to refresh his recollection, the notes themselves were not admissible in evidence. The court overruled the objection and admitted the question.

The plaintiffs upon the trial also objected to proof that by arrangement with the banks, the amount of the order for $42,804.16 would have been paid had it been presented, even if the balance in the bank to the credit of the city had then been insufficient to meet it.

*George E. Beers,* with whom was *William A. Bree,* for the appellants (plaintiffs).

*Edward H. Rogers,* with whom was *Edward P. O'Meara,* for the appellee (defendant).

HALL, J. Upon the facts above stated the plaintiffs made, in substance, these claims in the trial court respecting the judgment to be rendered, both of which were overruled. First, that the plaintiffs were entitled to interest upon the amount of the reassessment made by the Superior Court January 20th, 1908, upon the plaintiffs' appeal, from April 17th, 1907, the date of the original assessment, to February 25th, 1908, when the orders for the amount of the reassessment were paid; with a possible deduction of the amount of the net profits of the land and buildings during said last-named period. Second, that the plaintiffs

were entitled to recover $293.56 with interest thereon from said February 25th, 1908, to the date of the judgment in the present action.

The following provisions of the city charter are pertinent to the first of these claims: "Sec. 81. Said court of common council may, after all necessary appropriations have been made, accept said report, and adopt such layout, or assessment, or modify the same as it may deem best, and when such report or modification shall have been accepted and recorded in the records of the court of common council, and when the damages shall have been paid to the person whose property has been taken or damaged for such public purpose, or shall have been deposited with the city treasurer to be paid to such person when he shall apply for the same, then each of said assessments shall be legally deemed to have been made, and if the matter relate to the taking of land, the land described in the order of said court of common council shall be and remain taken and devoted to the public use for which it shall have been so designated . . . ." "Sec. 85. Any party who shall be aggrieved by any order of the court of common council, making any such assessment of benefits or damages, . . . may make written application for relief to the superior court. . . . Said court may, by a committee or otherwise, inquire into the allegations of such application, and may confirm, annul, or modify the assessment or other action therein complained of, or make such order in the premises as equity may require, and may . . . inquire into the validity of all the proceedings upon which said assessments or other action is based. No land taken as aforesaid shall be occupied by the city until the time for taking appeals shall have expired, and until all appeals shall have been finally disposed of . . . ." 13 Special Laws, pp. 413, 414, §§ 81, 85.

In *Shannahan* v. *Waterbury*, 63 Conn. 420, 28 Atl. 611, it was held that property condemned for a public use by proceedings under the city charter was to be regarded as

Bishop *v.* New Haven.

taken when the proceedings adopting the improvement were duly recorded, and payments of the assessed damages were made or secured as provided by the charter; that any reassessment upon an appeal should be made as of the time of such taking, and not as of the time of the trial of the appeal; and that the city had no option to abandon the improvement after a reassessment upon an appeal increasing the damages. In that case the defendant's charter provided that nothing therein should prevent the city from occupying the condemned land and proceeding with the proposed improvement during the pendency of any appeal from the assessment of damages or benefits, and it further appeared that pending the appeal the city proceeded with the improvement and actually took possession of the plaintiff's land. The court suggested in that case that the rights and liabilities of the city might have been different if the power and duty of the city to occupy the condemned land and proceed with the improvement had been suspended until all appeals had been determined.

The case at bar differs from *Shannahan* v. *Waterbury* in the material respects that the charter of New Haven expressly forbade it from proceeding with the contemplated improvement by occupying the condemned land until all appeals had been finally disposed of, and that the plaintiffs in this case, by their appeal and the injunction procured by them, prevented the defendant from taking possession of the property, and continued to occupy it themselves until the 25th of February, 1908.

In the case before us the inquiry is not whether the action of the city authorities on and before April 17th, 1907, was, in contemplation of law, such a taking of the land on that day as prevented the city from afterward abandoning the proposed improvement—questions somewhat similar to which were raised in *Stevens* v. *Danbury*, 53 Conn. 9, 22 Atl. 1071, and *Carson* v. *Hartford*, 48 Conn. 68—nor whether such action by the defendant must be regarded

as such a taking as required the value of the property upon a reassessment upon an appeal to be taken as of the time of the original assessment, which was the principal question in *Shannahan* v. *Waterbury.* The city of New Haven has not attempted to abandon the contemplated improvement, nor does it appear that there was any difference in the value of the plaintiffs' land at the time of the assessment in April and the time of the reassessment in the following January. The question before us upon the plaintiffs' first claim is: are the plaintiffs, under the defendant's charter and upon the facts proved, entitled to receive payment of the amount of the judgment of reassessment, as of the date of the original assessment, and therefore entitled to receive interest from that date on the amount of such reassessment?

No provision of the charter, nor principle of law, entitled the plaintiffs to receive compensation for their land while they continued to exercise their right to retain possession of it. By the provisions of the charter, when the original assessment was made, the plaintiffs had the option either to accept the sum awarded then, or to continue to occupy their premises while their appeal was pending. They could not do both. They elected to keep possession of their property, with the hope of obtaining an increased assessment. To allow them interest upon the amount of the reassessment from the date of the original assessment would be in effect to permit them, while their appeal was pending, to have both the use of their property and the use of the money found to be its equivalent. Any diminution in the value of the use of the property while the appeal was pending, caused by the condemnation proceedings already taken, was a proper subject of proof and consideration upon the reassessment hearing. *Shoemaker* v. *United States,* 147 U. S. 282, 13 Sup. Ct. Rep. 361.

But it is argued that by the language of the charter the "taking" was of April 17th, when the original assessment proceedings were recorded and the orders deposited; and

that under Article First, § 11, of the State Constitution, the plaintiffs are entitled to receive "just compensation" for their property as of the time when it was "taken."

The charter fixes the time when the making of the proposed improvement is to be regarded as determined upon by the city, and when, upon payment of the damages assessed, it may, in case there is no appeal, take actual possession of the condemned property, and the time so fixed is said in the charter to be the time when the property is "taken and devoted to the public use." But while in contemplation of law, for certain purposes, this is to be considered the time of the taking, it was a theoretical and not an actual taking. *Stevens* v. *Danbury*, 53 Conn. 9, 22, 22 Atl. 1071. A taking by a mere resolution of the city authorities, without the assumption of possession or the right to then assume possession of the property, is not such a taking of private property for public use as entitles the owner under the Constitution to "just compensation therefor." The word "taken," in this provision of the Constitution, means generally the exclusion of the owner from his private use and possession, and the assumption of the use and possession for the public purpose by the authority exercising the right of eminent domain. *Woodruff* v. *Catlin*, 54 Conn. 277, 297, 6 Atl. 849.

The plaintiffs' second claim was rightly overruled. The amount of judgment of reassessment and costs ($50,457.10) having been paid to the plaintiffs on the 25th of February, 1908, under the stipulation of that date, there remained thereafter no principal to draw interest. The court allowed the plaintiffs the interest on the amount of the judgment of reassessment from January 20th, 1908, to February 14th, 1908, amounting to $293.56. As the defendant had not included this sum in its orders, judgment was rendered for the plaintiffs to recover it in this action. The plaintiffs were not entitled to recover interest upon such interest any more than they would have been had this been a suit to

recover the entire amount of the reassessment judgment, had no part of it been paid. *Rose* v. *Bridgeport,* 17 Conn. 243, 247; *Camp* v. *Bates,* 11 id. 487.

The fact that the defendant's bank balance was at times insufficient to meet the amount of the orders deposited, was of no consequence to the plaintiffs while they refused to accept the orders.

The question asked *Judge Gager* was properly permitted, though not directly answered. The objection was taken to the question only. The court did not rule that the answer was proper, or that the memorandum was admissible.

There is no error.

In this opinion the other judges concurred.