WILLIAM D. MUNSON *vs.* JOHN A. MACDONALD, HIGHWAY COMMISSIONER.
WILLIAM D. MUNSON *vs.* THE M. A. GAMMINO CONSTRUCTION COMPANY.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued June 5th—decided July 29th, 1931.

*Nathaniel R. Bronson,* for the appellant (plaintiff).

*Ernest L. Averill,* Deputy Attorney-General, with whom was *Bernard A. Kosicki,* Assistant Attorney-General, and, on the brief, *Warren B. Burrows,* Attorney-General, for the defendants.

MALTBIE, C. J.   In July, 1927, the highway commissioner began proceedings to lay out a new highway across the plaintiff's land, acting under the provisions of §§ 35 to 37 of Chapter 263 of the Public Acts of 1925 as amended by Chapter 136 of the Public Acts of 1927.   These provide that the highway commissioner may take any land "he may find necessary" for the layout, alteration, extension, widening, change of grade or improvement of any trunk line highway; that the owner of the land taken shall be paid by the State for all damages and the State shall receive from him the amount or value of all resulting benefits; the assessment of such damages and benefits "shall be made" by the commissioner and filed with the clerk of the Superior Court in the county in which the land is located, who is directed to give notice of it to each owner of land affected, by mail; at any time after the assessment "shall have been made" by the commissioner, the physical construction of the improvement may be made.   The treasurer is directed to pay any landowner the damages assessed by the commissioner, or reassessed by the court upon appeal, upon certification of the amount by the clerk of the court and acceptance by the property owner, the clerk to give notice of such acceptance to the commissioner; the

benefits are made a lien upon the land, interest to commence upon them three months after the date of the filing of such assessment or of the acceptance by the court of a reassessment made upon the appeal. Within three months after the acceptance of the assessment or reassessment the commissioner is directed to file for record in the town clerk's office a description of the land taken. Any person claiming to be aggrieved by the assessment may, within six months after it has been filed, appeal to the Superior Court or, if it is not in session, to a judge thereof, for a reassessment of such damages or benefits so far as they affect him, and the court is then to appoint a state referee to make such reassessment; the referee is to give notice to the parties interested of a time and place of a hearing, is to view the land and take testimony and reassess the damages and benefits; he is then to report to the court and if the report is accepted the assessment is to be conclusive upon the landowner and the State; and finally, the pendency of the application for reassessment is not to prevent or delay the layout or other improvement of the highway.

On or about July 18th, 1927, the commissioner filed an assessment of damages and benefits for the taking of the plaintiff's land in the office of the clerk of the Superior Court for New Haven County, describing the land simply by reference to abutting owners but referring to an attached blueprint for a more particular description, and copies of the assessment and blueprint were mailed to the plaintiff. The land so described consisted of a strip one hundred and forty feet wide and some nine hundred feet long, containing about three and one tenth acres. The commissioner fixed the damages at $211.50 and the benefits at $100. In September, 1927, the defendant construction company, in pursuance of a contract with the commissioner, en-

tered upon the land described as taken and proceeded to grade and construct the highway. The strip taken cuts through the plaintiff's land dividing it into two parts. The surface of the ground is very uneven and in making the highway cuts and fills were necessary; for a distance of about four hundred feet a rock cut was made which at one point was about thirty feet deep and for a distance an embankment was made some twenty-five feet in height. By writ dated December 19th, 1927, the plaintiff began its action against the construction company and by writ dated January 12th, 1928, it began its proceedings against the highway commissioner. In the former the trial court gave judgment for the defendant and in the latter it found against the plaintiff certain issues raised by the pleadings which attacked the validity of the layout by the commissioner and gave judgment appointing a state referee to make a reassessment of benefits and damages. From both judgments the plaintiff has appealed.

In the action against the construction company the plaintiff sought damages upon the basis that its entry upon the land and the acts there done by it were illegal and the correctness of the trial court's decision depends upon a determination of the validity of the proceedings for the layout of the highway. The plaintiff claims that in the assessment filed by the highway commissioner the land taken was not described with the requisite certainty. The Act makes no express requirement for the filing of any description of the land to be taken in connection with the assessment, any more than does our general condemnation statute provide for such a description in the proceedings to take land. General Statutes, § 5072. It is of course necessary that there should be such a description, else there would be no basis upon which a landowner could know

what land had been taken or for a proper appraisal of damages and assessment of benefits. *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 367, 85 Atl. 636; 2 Nichols, Eminent Domain (2d Ed.) § 399. That this should be given in connection with the assessment made and filed by the commissioner is sufficiently implied in the law. The blueprint annexed to the assessment contains such a description of the land taken as would permit its accurate and definite location unless it be because of the reference where it abuts upon an existing highway at its westerly end to an "approximate highway line." The boundary at this end is in part upon the highway and in part upon the land of an abutting owner. Certainly it would have been better if merestones had been placed at appropriate points to mark the land taken or other monuments referred to. But in the absence of any finding to the contrary, we can but assume that the boundary line between the plaintiff's property and the abutter as marked on the map was definitely ascertainable upon the ground and that the highway line is sufficiently definite not to produce a variation materially affecting the amount or location of the land taken.

The plaintiff also attacks the layout upon the ground that a wider strip was taken than was necessary. But the legislature saw fit to repose in the commissioner the determination as to the amount of land necessary to be taken and with his exercise of his judgment we cannot interfere unless his action was "unreasonable, or in bad faith, or an abuse of the power conferred" upon him. *Water Commissioners* v. *Johnson,* 86 Conn. 151, 159, 84 Atl. 727; *State* v. *McCook,* 109 Conn. 621, 628, 147 Atl. 126. Nothing of this kind appears in the record. The statute authorizes work to proceed upon the improvement at any time after the assessment has been "made" by the commissioner. While

this language lacks precision, the word "made" used in this connection evidently refers, not to the time when the commissioner determines the amounts of damage and benefits in the secrecy of his office, but to the time when by his act they are made known to the public and placed beyond his power to change, that is when the overt act of filing them with the clerk of the court takes place. The small sums fixed in the commissioner's assessment afford no ground to attack the proceedings as unreasonable. In no true sense do these sums constitute an appraisal or assessment. They are made strictly *ex parte* and there can be no determination of damages or benefits which has any binding effect upon a landowner without notice to him and an opportunity to be heard. *Manners* v. *Waterbury*, 86 Conn. 573, 576, 86 Atl. 17; 2 Nichols, Eminent Domain (2d Ed.) § 337. The assessment made by the commissioner constitutes but a formal offer to the landowner, which he may or may not accept, as a step toward payment by the State if he does accept and to the institution of proceedings in court if he does not. An apparent inadequacy in the amount stated in the assessment would be no ground for interference by the court.

The plaintiff vigorously contends that there could be no valid assessment of damages and benefits until the highway commissioner had designated the grade of the highway which it was proposed to construct. The rule for estimating damages where a portion of a tract of land is taken for a public improvement is thus stated: "The true measure of the special damages arising from the defendant's taking which the plaintiffs were entitled to have appraised in favor of the estate, was the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it there-

after and after the completion of the public improvement." *Martin v. West Hartford*, 93 Conn. 86, 88, 105 Atl. 342; *Young v. West Hartford*, 111 Conn. 27, 33, 149 Atl. 205. Undoubtedly in many cases, as where the remaining land would be available for sale as building lots, the extent to which access to it would be affected by the construction of a highway would be a very material element in determining its value. The plaintiff, however, points us to no authority nor have we been able to find any which imposes upon a public corporation which is condemning land for a highway the obligation, as a condition of taking it, of fixing the grade at which it is proposed to construct the road. When land is taken for a highway, the public authorities acquire the right thereafter to establish a grade for it and construct it upon that grade as an incident to the taking. What we said in *Fellowes v. New Haven*, 44 Conn. 240, 257, is still true: "This view of the case imposes no hardship upon the individual landowner. The topography of the land through which a street runs is apparent to the eye; the connection with other streets at either end is equally apparent. The grade can be determined and the amount of cutting and filling can be estimated with reasonable certainty. The probable use of the land abutting on the street, and its value as affected by opening the street, are proper subjects of consideration in awarding damages and assessing benefits. The considerations are not limited to the present grade and use, but appraisers will invariably forecast the future. In addition to this it will be remembered that appraisers and juries called upon to award damages in such cases are always disposed, and justly so, to make full compensation." See also *Healey v. New Haven*, 47 Conn. 305, 314. Under a statute enacted after that decision, it is true, the liability upon municipal corporations for damages caused by a change

of grade in a highway was established; General Statutes, § 1438; but "this statute clearly contemplates the existence of a worked highway, completed and in actual use, or opened and made ready for use, and not a mere layout on paper, or a mere tract of land taken for a highway but not yet made fit for public use. Furthermore, the statute contemplates a used or usable highway, having an actual existing grade, to which it was constructed, or at which it is actually used." *Gorham* v. *New Haven,* 76 Conn. 700, 703, 58 Atl. 1. Except as modified by this statute, there is no liability upon a municipality for changes in the surface of land taken for the purpose of constructing a highway. *Griswold* v. *Guilford,* 75 Conn. 192, 194, 52 Atl. 742. It necessarily follows that even though the commissioner, in designating the land to be taken for a highway, should indicate the grade at which he proposed to build it, he might thereafter, even after damages had been awarded and paid, construct it at a different grade without further liability to the landowner. *Gorham* v. *New Haven, supra.* The plaintiff is not, however, in such an unfortunate position as he argues. His damages are to be estimated with reference to "any possible use" to which the land may be put for highway purposes. *Healey* v. *New Haven, supra.* The situation is but the converse of the rule applied in fixing damages for the land actually taken, which are to be estimated upon the basis of its value for the purpose to which it could under then existing circumstances be most advantageously applied. *New York, N. H. & H. R. Co.* v. *New Haven,* 81 Conn. 581, 585, 71 Atl. 780. So in such a case as this the measure of damages should be based upon such use of the land taken as would in any reasonable anticipation be most disadvantageous to the landowner. In view of these long-established principles, the necessity of estimating

the damages upon this basis can hardly be made a ground to attack the law as unreasonable because it contains no requirement that the commissioner fix the grade of the highway before the assessment is made. In none of the respects claimed by the plaintiff to the trial court do we find the procedure under the statute illegal or unreasonable, and the claims made to us for the first time we disregard. There is no error in the case against the construction company.

The proceeding against the commissioner recites the filing of the assessment with the clerk of the Superior Court, states that the plaintiff is aggrieved in that the damages are wholly inadequate and the assessment of benefits and damages unjust and inequitable, and then alleges the entry of the commissioner upon the land and the making of the improvement; and it claims damages and a reassessment of the damages and the benefits awarded by the commissioner. This complaint represents an entirely improper joinder of proceedings for relief. Upon the appeal authorized by statute, which is merely to secure a reassessment of benefits and damages, no question of the validity of the proceedings can be raised. *Young* v. *West Hartford,* 111 Conn. 27, 30, 149 Atl. 205. There is no authority in the statutes authorizing a suit against the State for an illegal entry upon land by the highway commissioner and the only liability which could attach to him for such an entry would be in his individual capacity. As highway commissioner he would be a proper party to the appeal for a reassessment, but no action for damages would lie against him in his representative capacity for acts done in pursuance of his duty as a State officer. *Governor of Georgia* v. *Madrazo,* 26 U. S. (1 Pet.) 110, 123. Both because of the nature of the proceedings by the appeal and the impropriety of suing the highway commissioner in his representa-

tive capacity, the trial court should not have passed upon the claims stated in this proceeding other than such as are involved in the appeal itself. But as they were found against the plaintiff, correctly, no harm has been done. The effort of the plaintiff to pursue an ineffective action based upon the invalidity of the proceedings does not constitute such an election as to prevent his seeking a reassessment by appeal. *Abbadessa* v. *Puglisi,* 101 Conn. 1, 3, 124 Atl. 838. As the time for taking that appeal would have expired before the action against the construction company was tried, he was in fact compelled to take it as he did. The judgment of the trial court appointing a state referee to reassess the benefits and damages may properly stand.

There is no error in either case.

In this opinion the other judges concurred.