CHARLOTTE R. NOVOGROSKI, ET AL.

vs.

JOHN A. MacDONALD, HIGHWAY COMMISSIONER

Superior Court    New London County    File #9598

Present: Hon. ERNEST A. INGLIS, Judge.

Day, Berry & Howard,    Attorneys for the Plaintiffs.

Edward J. Daly,
  Attorney General,    Attorney for the Defendant.

MEMORANDUM FILED MARCH 16, 1937.

INGLIS, J. This matter came on for a hearing upon a

demurrer to the Remonstrance. Upon the hearing, however, the demurrer was withdrawn and it was agreed that the hearing should proceed upon the Remonstrance itself, the Appellee agreeing to file an answer thereto in the form of a general denial.

## I. As to Part A of the Remonstrance

The conclusions of the Referee as to the value of the premises taken and as to the damages sustained by the Appellants were based upon conflicting evidence. Upon the evidence as it stood the conclusions of the Referee were not unreasonable and they therefor must stand. (cf. Part II of the Memorandum on Remonstrance in No. 9599. **Max Novogroski vs. Highway Commissioner, filed March 16, 1937.)**

## II. Parts B and C of the Remonstrance

The facts set forth in the following numbered paragraphs of the Remonstrance are undisputed and material and the Referee, having been requested to incorporate them in his report, should have done so, to wit: paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 18, 19 and 39. The facts set forth in those paragraphs are hereby added to the report.

The facts set forth in the following numbered paragraphs either are not undisputed or are not material and, therefore should not be added, to wit: paragraphs 12-17 inc., 20-38 inc., 40 and 41.

## III. Paragraph 42 of the Remonstrance

The issue raised by this paragraph is as to whether interest should be added to the amount of damages found and reported by the State Referee.

It has been universally recognized in this state in condemnation proceedings brought by municipalities that, in addition to the value of the land taken, the landowner should receive interest on that sum at the rate of six per centum per annum from the date of the actual taking of the land to the date of judgment. The reason for that rule is that the landowner ought not to be deprived of both the use of his property and of the money equivalent thereof for a substantial period of time because if he is he is not fully compensated for the taking of his property. Interest is awarded, therefore, not as damages for the wrongful detention of money due but rather as a part of the compensation for the property taken. Moreover,

this conclusion has been arrived at where the statutes author-
izing the taking have not specifically mentioned the matter
of interest.

Stamford vs. Vuono, 108 Conn. 359, 371.
Woodward vs. New Haven, 107 Conn. 439, 445.
Reiley vs. Waterbury, 95 Conn. 226.
Norwalk vs. Norwalk Inv. Co. 95 Conn. 1, 6.
Fox vs. South Norwalk, 85 Conn. 237.
Bishop vs. New Haven, 82 Conn. 51.

There is no valid reason why this same principle and the
reasoning upon which it is based should not apply in con-
demnation proceedings brought by the State through its High-
way Commissioner. There is, of course, the other rule quite
generally recognized that in suits brought against a sovereignty
no interest is to be allowed on a claim unless the statute
authorizing the action expressly provided for such interest.
59 C. J., page 330 (States, Sec. 497). That rule, however,
applies only in cases where the claimant would have no right
to sue the sovereignty except as the sovereignty has given its
consent by way of statute to such a suit and is based upon
the logic that if the state has not consented to an award of
interest against it such award may not be made. In con-
demnation proceedings the right of a landowner to recover
does not depend on the grace of the sovereign giving its
consent. It depends rather on the constitutional provision
that no man's property shall be taken for public use without
compensation. Because of this distinction, it is apparent that
the reason for the rule that the right to interest, on a claim
against a state is not to be implied in a statute authorizing
suit on such a claim does not apply to condemnation statutes.

Bishop vs. Meriden, 117 Conn. 499.

Not only is there no reason why the principle that a land-
owner in condemnation for school and highway purposes is
entitled to interest from the date of the taking of his land
should not apply to condemnation proceedings by the State
Highway Commissioner but, on the contrary, there is every
reason why it should. When a municipality takes land for
highway purposes it is acting as the agent of the State to the
same extent as is the Highway Commissioner when he takes
land for a highway. They are both agents of the law. A
man ought not to be deprived of the use both of his land
and the money equivalent therefor any more by the State

than by a municipality. It is just as essential for his fair and complete compensation that he receive interest on the money value of his land from the date that his land is taken to the date when he receives that money value whether the taking be by a municipality or by the State.

After all the real question involved here is not as to whether in justice the appellant is entitled to interest but rather as to whether the statute relating to his compensation provided that he shall be entitled to that interest. That statute (**General Statutes, Rev. 1930, Sec. 1528**) provides: "the owner of such land shall be paid by the state for **all** damages . . . . resulting from such taking", etc. Bearing in mind the interpretation put upon similar provisions of the statutes relating to the taking of property by municipalities (**General Statutes, Rev. 1930, Sec. 1433** and various city charters) it is obvious that the phrase "all damages" as used in the statute is broad enough to cover interest from the date of the taking of the land. As pointed out above a landowner is not fully compensated for the taking of his land if, a long time after his land has been taken, he receives merely the value of his land at the time of taking. In order to compensate him for "all damages" he must receive the value of his land taken at the time of taking plus interest on the money value of his land during the time that he is deprived of the use of both his land and its money equivalent.

There is no question but the value of his land taken is to be fixed as of the date of the legal taking.

**Shanahan vs. Waterbury, 63 Conn. 420.**

The property is actually taken when the owner is excluded from the use of it.

**Woodruff vs. Catlin, 54 Conn. 277, 297.**

The effect of the statutes relating to the taking of land by the State Highway Commissioner is that as soon as the Commissioner has filed his certificate with the Clerk of the Superior Court the land is taken legally and thereupon the owner may be excluded from the use of it.

**General Statutes, Rev. 1930, Secs. 1528, 1531.**
**Munson vs. MacDonald, 113 Conn. 651.**

In the present case the Referee has found that the actual taking of the Appellants' land occurred on April 16, 1932.

It is therefore concluded that the Appellants are entitled by way of damages for the taking of their land, to the value of that land as of the date of taking plus interest on that sum at the rate of six per centum per annum from that date until the date of judgment. Paragraph 42 of the Remonstrance is therefore added to the Referee's report.

### IV. Part C of the Remonstrance

The conclusions of the Referee set forth in paragraphs 6 and 7 of the First Report and in paragraph 8 of the Amendment to the Referee's Report are purely conclusions of fact and do not involve any rulings of law which are not proper.

For the foregoing reasons, except for the addition to the report of certain facts and conclusions as above ordered, the Remonstrance is overruled.