## BRIDGEPORT-CITY TRUST CO., INC., TRUSTEE
*vs.*
## WILLIAM J. COX

Superior Court      Fairfield County      File No. 62852

MEMORANDUM FILED JUNE 9, 1942.

*Friedman & Friedman,* of Bridgeport, for the Plaintiff.

*Richard F. Corkey,* Assistant Attorney General, for the Defendant.

Memorandum of decision on demurrer to complaint.

O'SULLIVAN, J. This action was brought by the plaintiff trustee against William J. Cox of Hartford who was not otherwise described in the writ. The complaint attempted to allege a cause of action against him in his representative capacity as Highway Commissioner of the State of Connecticut. To this complaint a demurrer was filed challenging the plaintiff's right to sue the defendant in his individual capacity. Before the demurrer was passed on, the plaintiff filed a pleading entitled "Amended to complaint", though the intended effect was to amend the writ and not the complaint. The pleading will be construed, then, as amending the former. The defendant has likewise so recognized it for he has superceded his demurrer by filing another from which has been eliminated the question above referred to.

The complaint alleges these facts: The plaintiff owns a parcel of land in the Town of Trumbull which fronts on, and prior to May 22, 1939, was substantially level with Madison Avenue, a highway that the defendant is charged with the duty of constructing and maintaining. Some time after the above-mentioned date, the defendant raised the grade of the highway to the great damage of the plaintiff. Although the change of grade was completed in October, 1939, the defendant has neglected to assess the damages or benefits resulting therefrom although ample time has elapsed to permit him to institute such proceedings. The relief sought is $5,000 damages.

The demurrer, which, while somewhat general, is sufficient to present the question desired to be raised, states that "the complaint fails to set forth any state of facts under which

the defendant, as Highway Commissioner, was under any duty to the plaintiff to make an award of damages or benefits to the plaintiff for the change of grade set forth in the complaint."

At common law, no liability resulted from changing the grade of a highway. *Downs vs. Ansonia,* 73 Conn. 33, 37. Those charged "with the maintenance of public highways may change the grade of streets and highways from time to time, as the wants of the public may require, without being liable for the incidental and necessary damage caused thereby to the adjoining proprietors." *Healey vs. New Haven,* 47 Conn. 305, 313.

The Legislature has changed this but only in so far as to make liable for damage resulting from changes of grade towns, cities, boroughs, and corporations, "whether acting by authority or direction of the public utilities commission or otherwise." (Gen. Stat. [1930] §1438.) The Highway Commissioner is not included therein. As to him the common law is still applicable.

A change of grade does not amount to the taking of land. *Nicholson vs. N. Y. & N. H. R. Co.,* 22 Conn. 74; *Fellowes vs. New Haven,* 44 id. 240; *Gilpin vs. Ansonia,* 68 id. 72. The defendant, then, in changing the grade of Madison Avenue was under no obligation to assess benefits and damages. *Munson vs. MacDonald,* 113 Conn. 651, 658. *See, also, Orange Hills Country Club, Inc. vs. Orange,* 8 Conn. Sup. 447.

The complaint fails to allege a good cause of action and the demurrer must be sustained.