## THEODORE R. CLARK ET AL. *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 14—decided December 3, 1947

*Morris Tyler* and *Richard H. Bowerman,* for the appellants (plaintiffs).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

BROWN, J.  On July 14, 1944, the defendant state highway commissioner took certain portions of the plaintiffs' farm in Woodbridge for the layout and construction of a trunk line highway and assessed the benefits and damages therefor, pursuant to § 1528 of the General Statutes as amended.  The plaintiffs applied to the Superior Court for a reassessment. The defendant by his answer simply admitted the taking set forth in the complaint and denied the allegations of damage.  Upon the sole issue so presented as to the amount of the plaintiffs' damage, in due course the action was referred to a state referee and he by his report reassessed the damage at $16,558.20. The plaintiffs moved for judgment in accord with the report together with interest from July 14, 1944.  On January 11, 1947, the court rendered judgment accepting the report and adjudging $16,558.20 to be the amount due the plaintiffs for the taking, ruling that there was no basis for the allowance of interest thereon from July 14, 1944, the date of taking, to the date of judgment.  The plaintiffs have appealed.  As the court pointed out, there is no finding in the referee's report that the plaintiffs had been physically dispossessed of the land between July 14, 1944, and the date of judgment, and it is undisputed that they had not been dispossessed.

The question determinative of the appeal is whether, where the defendant has taken the plaintiffs' land

pursuant to § 1528 and there is nothing in the record to show that the plaintiffs have been physically dispossessed, they are entitled to receive interest from the date of taking until the date of judgment as an element of the just compensation guaranteed by article first, § 11, of the Connecticut constitution and the fourteenth amendment to the constitution of the United States. See *Chicago B. & Q. R. Co.* v. *Chicago,* 166 U. S. 226, 241, 17 S. Ct. 581, 41 L. Ed. 979. The action which the defendant took to acquire the easement for highway purposes in the plaintiffs' land involved an exercise of the state's power of eminent domain pursuant to the method prescribed by statute. Section 1528 among its other provisions authorizes the highway commissioner to take any land he may find necessary for the layout of a trunk line highway, provides that the state shall pay all damages resulting and requires the commissioner to file an assessment of damages and benefits with the clerk of the Superior Court in the county in which the land is located. It adds that, "at any time after such assessment shall have been made by said highway commissioner, the physical construction of such layout . . . or other improvement may be made." While § 199f of the 1941 Supplement provides for an application for a reassessment, it concludes with this provision: "The pendency of any such application for reassessment shall not prevent or delay the layout . . . or other improvement of any such highway."

Under this procedure the taking of the land is complete when the assessment is filed with the clerk of the Superior Court. *Kratochvil* v. *Cox,* 129 Conn. 246, 251, 27 A. 2d 382; *Munson* v. *MacDonald,* 113 Conn. 651, 657, 155 A. 910. This is so even though there be no physical taking, for, in the absence of

specific provision otherwise in the statute, "when the taking for public use is by administrative order if 'the formal act of some responsible body is required to effect a taking, the filing of such order definitely fixes the time and extent of the taking;' when such formal act is not required, 'the first actual authorized physical interference with the property affected marks the *punctum temporis* of the taking.' 2 Nichols, Eminent Domain (2d Ed.) p. 1152." *Kaufman* v. *Valente,* 115 Conn. 428, 433, 162 A. 693. Therefore, "taking" means the accomplishment of the legal step whereby the landowner's right of possession is terminated. Accordingly, the taking of the plaintiffs' land occurred on July 14, 1944, the date when the defendant's assessment was filed.

Since this taking was an exercise of the state's power of eminent domain, the plaintiffs' constitutional guaranties entitle them to just compensation as of the time of the taking. "Where land is taken by eminent domain the principal sum becomes due and payable when the land is taken." *Woodward* v. *New Haven,* 107 Conn. 439, 441, 140 A. 814. It is the value of the land as of that time which constitutes the basis of just compensation. In consequence of the delay in the payment of that sum to the plaintiffs and the termination of their right of possession by the filing of the assessment, they had, from July 14, 1944, until January 17, 1947, neither the legal right to the possession or use of their property nor the use of the money to which they were entitled for its taking. Just compensation must necessarily include compensation for the loss so sustained during this interval, for, as we have said, "It matters not whether the property . . . taken be regarded as the land condemned, or the amount of assessed damages withheld for the condemnor's use. . . . In either as

pect of the matter and in either event, the result will be the appropriation of private property without just compensation." *Reiley* v. *Waterbury,* 95 Conn. 226, 230, 111 A. 188. The loss suffered during the interval referred to is as much an element of just compensation as is the value of the land itself as of the date of the taking.

No decision by this court calls for a different conclusion. The question whether compensation in the form of interest for this element of loss sustained by the owner should be awarded has been presented to this court under two different types of eminent domain statute. Under the first, where the condemnor was not entitled to possession until payment of damages was made or, in the event of an appeal, the amount of damages was finally determined, interest was not allowed. *Bishop* v. *New Haven,* 82 Conn. 51, 72 A. 646; *Fox* v. *South Norwalk,* 85 Conn. 237, 244, 82 A. 642; *Keller* v. *Bridgeport,* 101 Conn. 669, 127 A. 508; *Reiley* v. *Waterbury,* supra; *Woodward* v. *New Haven,* supra. Under the second, where, as in the instant case, the condemnor had the right of immediate possession upon performing certain acts, regardless of whether payment was postponed or the valuation was uncertain because of an appeal, interest was allowed in the case of *Shannahan* v. *Waterbury,* 63 Conn. 420, 28 A. 611. See *Novogroski* v. *MacDonald,* 4 Conn. Sup. 474. These decisions show that, under either type of statute, the time when the condemnor's right to possession accrued sets the time for the running of interest on the value, as determined, of the property taken. In other words, when interest has been denied it has not been because interest can be no part of just compensation but because the owner still had the right of posses-

sion and no payment for the property to be taken had yet become due.

*New Haven Steam Saw Mill Co.* v. *New Haven,* 72 Conn. 276, 288, 44 A. 233, cited by the defendant as authority to the effect that no interest could be allowed until a liquidated amount had first been determined by the referee's report, is not in point. That was a proceeding claiming damages for a change of grade under a right conferred solely by statute and did not involve the constitutional guaranty applicable to the eminent domain proceeding in the present case. *Tyler* v. *Darien,* 115 Conn. 611, 613, 162 A. 837; *Bishop* v. *Meriden,* 117 Conn. 499, 501, 169 A. 41. The defendant has also cited *Stamford* v. *Vuono,* 108 Conn. 359, 371, 143 A. 245, where, notwithstanding the requirement in the condemnation statute there involved that the condemnor should not take possession until the amount of the judgment had been paid to the owner, the former had taken possession before payment was made, and the court held that interest should be allowed from the time the owner had "actually been deprived of the use of his property." Obviously, this is no authority for the converse of the proposition as applied to the instant case, that interest cannot be allowed because possession had not been actually taken by the defendant. Neither of these decisions supports the defendant's contention that the plaintiffs' continuing actual possession precluded their right to interest as a part of just compensation.

The right of the owner to the element of just compensation to which we have been referring is generally recognized. The proposition has been thus stated: "This minimum [of just compensation] includes the allowance of interest on the amount of the award from the date of the taking to the date of the

award of compensation." Orgel, Valuation under Eminent Domain, p. 18, note 20. Again, it has been further defined by this statement: ". . . the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added." *Seaboard Air Line Ry. Co. v. United States,* 261 U. S. 299, 306, 43 S. Ct. 354, 67 L. Ed. 664; *Jacobs* v. *United States,* 290 U. S. 13, 16, 54 S. Ct. 26, 78 L. Ed. 142. It is to be noted that in each of these cases, as in the case at bar, the statute authorizing condemnation makes no mention of interest. Another authority has thus explained it: "The theory of the law is that, when land is taken by eminent domain, or when it is injured in such a way as to create a constitutional right to damages, payment for the land thus affected should be co-incident with the taking or injury, and, if for any reason payment is postponed, the right to interest from the time that payment ought to have been until it is actually made follows as a matter of strict constitutional right." 1 Nichols, Eminent Domain (2d Ed.) § 216. These authoritative statements from among many others which might be quoted suffice to show the reason and the justice of the rule in question.

Nor does the fact that the owner has not been physically dispossessed, the situation assumed by the parties in argument, necessarily relieve the condemnor of the duty imposed on it of paying interest from the date of the taking. The uncertain nature and consequent questionable value of the owner's tenure under such circumstances are obvious. As has been well observed: "From the time of the award, he is practically deprived of his right to dis-

pose of the land. His possession is precarious, liable to be terminated at any time; he cannot safely rent; he cannot safely improve; if he sows, he cannot be sure that he will reap. As he is not placed in this position by any act of his own, is not in as a wrongdoer, nor under any contract, there would be no justice in charging him with any *assumed value* of the use." *Warren* v. *First Div. St. Paul & P. R. Co.*, 21 Minn. 424, 427. There is, however, a substantial conflict of authority as to the effect to be accorded this fact. See note, 32 A. L. R. 98. As appears in that note, the decisions have followed at least three different theories in dealing with the question: (1) the owner is entitled to interest notwithstanding he remains in possession (p. 98); (2) the owner is entitled to no interest during the time that he remains in possession (p. 100); (3) the owner is entitled to interest even though he remains in possession but must account to the condemnor for this use of the property (p. 102). See also notes, 96 A. L. R. 18, at 150, 196 et seq.; 111 A. L. R. 1299, at 1304, 1306.

At least two courts, however, have held that to permit the condemnor to demand payment of the owner for his use and occupation and to require such an accounting would be entirely without the scope of the condemnation proceeding and that therefore his continuing in possession does not affect his right to interest thereunder. *Whitman* v. *Providence*, 44 R. I. 33, 114 A. 183; *Imbescheid* v. *Old Colony R. Co.*, 171 Mass. 209, 50 N. E. 609. The record before us requires a like conclusion in the instant case. In so far as the procedural situation is concerned, the report of the state referee does not show that any evidence of value of use was offered before him or any claim made for its consideration. Unless it is shown that a claim was made to the referee, it

cannot be advanced in subsequent court proceedings. *Persky* v. *Puglisi,* 101 Conn. 658, 662, 127 A. 351. This aside, the principle recognized in the two cases above cited is sound and correct. "Just compensation" relates to the taking of property; the value of the use relates to the former owner's continued possession after the land is taken. If admissible in the condemnation proceedings, it would be as a cross demand, presented in an ordinary action by cross-complaint, and such a cross-complaint has no place in condemnation proceedings. Moreover, occupation and use is not in itself a basis upon which to found liability; there must be, as in the case of any implied contract, at least an intent by the condemnor to charge and an intent by the former owner to pay, or circumstances such that he ought reasonably to know the condemnor expected payment. *Collyer* v. *Collyer,* 113 N. Y. 442, 447, 21 N. E. 114, and see *Merwin* v. *Beardsley,* 134 Conn. 212, 56 A. 2d 517. Therefore, where the former owner continues in possession after his property has been taken by the state pursuant to the statute, whether such occupancy be pursuant to an express agreement between him and the highway commissioner or to an implied agreement, the right of the state to recovery therefor can and should be determined in an independent proceeding brought in the name of the highway commissioner on its behalf.

This course is in accord with and properly safeguards the respective rights of the parties to a condemnation pursuant to the statute. This is an adversary proceeding by the present defendant against these plaintiffs. The defendant can only be entitled to compensation for the plaintiffs' continuing occupation upon proper allegations and supporting proof. Properly, the burden is upon him. *Uniacke* v. *Chi-*

*cago, M. & St. P. R. Co.,* 67 Wis. 108, 29 N. W. 899. As the court in that case well stated (p. 112): "It should be observed that the burden is upon the party seeking to condemn land to show the existence of conditions which will operate to take a given case out of the general rule in respect to interest. It is not sufficient to show merely that such party has not actually taken possession of the land. The fact that it has been condemned and is liable at any time to be so possessed, will necessarily, in most cases, seriously interfere with its beneficial use by the former owner,—often entirely destroy it." It is our conclusion that the plaintiffs are entitled to have interest upon $16,558.20 from July 14, 1944, included in the amount of the judgment. Since the determination of the correct amount due requires no finding of further facts, the Superior Court is in a position to enter the proper judgment upon the present record.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiffs in accordance with this opinion.

In this opinion the other judges concurred.