### MITCHELL B. STOCK ET AL. *v.* NEWMAN E. ARGRAVES, HIGHWAY COMMISSIONER

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 108115
AT BRIDGEPORT

Memorandum filed February 6, 1959

*Delaney, Kotler & King,* of Bridgeport, for the plaintiffs.

*Albert L. Coles,* attorney general, *Jack Rubin* and *Milton H. Richman,* assistant attorneys general, for the defendant.

SHANNON, J. This is an action against the highway commissioner of the state of Connecticut seeking a temporary and permanent injunction to restrain him from proceeding with the construction of a restaurant and appurtenant facilities in parcels 1 and 2 described in the complaint and for such other relief as to equity may pertain and damages. The defendant has pleaded in abatement because (1) this is an action against an officer of the sovereign state of Connecticut; and (2) because the state is immune from suit except as authorized by statute or by its consent. There is no applicable statute and the state has not consented.

To this plea the plaintiffs have demurred on the ground that immunity from suit is not available in this case because it involves (1) the claim of closing off adjoining property not actually taken by the state, which amounts to an alleged confiscation; and (2) a legal test of the allegedly public use of the property taken by the state. There has been a taking of the plaintiff's properties described in the complaint and an assessment of damages from which they have appealed and these appeals are now pending in this court. Both of these claims might properly have been raised in those appeals and were not, and may perhaps still be raised therein if the plaintiffs desire, with the approval of the court. Failure to do this may result in a waiver, but this is not a matter of concern at the moment.

While this is a suit against the highway commissioner and the state is not named a defendant, the state is the real party against whom relief is sought.

Damages are sought for injuries alleged to have been caused by the commissioner in carrying out specific acts in his official capacity. Injunctive relief is also requested to restrain him from performing duties imposed upon him by law. In short, the office of the highway commissioner is an agency of the state created for the purpose of carrying out a state function, and for this reason the commissioner holding that office is, so far as the allegations of this complaint are concerned, clothed with immunity from suit against him as the representative of the state. *Somers* v. *Hill,* 143 Conn. 476, 479; *Munson* v. *MacDonald,* 113 Conn. 651, 660; *Merchants' Warehouse Co.* v. *Gelder,* 349 Pa. 1, 7. The case of *Stock* v. *Cox,* 125 Conn. 405, is distinguished from this case because therein the commissioner took property without compensation.

Public Acts 1957, No. 660, is constitutional. The construction and maintenance of a restaurant on the Merritt Parkway serves a public need, and the legislature did not exceed its powers in determining that the use was a public one. Nor is there anything improper in its authorizing the highway commissioner and the Merritt Parkway commission to award and supervise the concession lease by which the restaurant may be operated, perhaps more efficiently and more economically than the state could do it itself. There is also a proper incorporation by reference of all the powers, rights and authority conferred upon the highway commissioner under or pursuant to any other acts of the General Assembly for the purpose of carrying out the provisions of this act, including necessarily the power of condemnation. The procedure for condemnation, the standards to be followed and the law governing it are all well established.

It was agreed at the hearing hereon that if the court should overrule the demurrer, the plea in

abatement might be sustained inasmuch as the plaintiffs did not contest any of the allegations contained therein.

Consequently, the demurrer is overruled and the plea in abatement is sustained.