THE SALGREEN REALTY COMPANY *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued December 7, 1961—decided January 23, 1962

*Arnold C. Greenberg,* with whom were *Morris Apter* and, on the brief, *Julius Apter, Milton Nahum* and *Lester Katz,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

BALDWIN, C. J. The plaintiff has appealed from a judgment of the Superior Court rendered on the report of a state referee to whom the court had referred the plaintiff's application for reassessment of the damages assessed by the highway commissioner in taking the plaintiff's land for highway purposes. The basic issue is whether the court applied the correct rule in determining the amount of interest due the plaintiff.

The court's finding, limited to the award of interest, recites the following facts: On March 16, 1960, the commissioner, pursuant to General Statutes § 13-145, filed in the Superior Court at Hartford a certificate showing the taking of the plaintiff's land and building for a trunk-line highway. Damages were assessed at $125,000. On August 23, 1960, the plaintiff applied to the Superior Court for a reassessment of its damages. General Statutes § 13-150. On August 24, 1960, the commissioner, purporting to act under General Statutes § 48-11, issued a service transfer invoice in the amount of $125,000. Two copies of this invoice were sent to the comptroller of the state and two to the executive secretary of the judicial department; one was retained by the commissioner. The invoice ordered the transfer of $125,000 from funds under the control of the highway department to an account on the books of the state treasurer and the comptroller designated

as the Superior Court condemnation award fund. This account was subject to withdrawal by the judicial department. On receipt of the invoice, the judicial department set up on its books a separate ledger account crediting $125,000 to the plaintiff. Thereafter, this sum was under the control of the judicial department and could be withdrawn only on order of the Superior Court. On September 2, 1960, notice of the transfer was sent to the clerk of the Superior Court at Hartford, who, in turn, notified the plaintiff on September 7, 1960. On September 24, 1960, the plaintiff, purporting to act pursuant to § 48-11, applied to the Superior Court at Hartford for payment of the deposit. Proof of the plaintiff's title was established, and payment was ordered by the court on September 30, 1960. The order was processed through the judicial department, the offices of the comptroller and the treasurer, and the highway department. The plaintiff received payment of the $125,000 on October 17, 1960. The plaintiff's application for a reassessment had been referred to a state referee. After a hearing, the referee reassessed the damages at $145,000, $20,000 more than the commissioner's assessment. On April 28, 1961, the plaintiff filed a motion for judgment on the report and for an award of interest on $145,000 from March 16, 1960, to October 17, 1960, and on $20,000 from October 17, 1960, to the date of the judgment. The court rendered judgment on May 10, 1961. The only interest it allowed was on $20,000, the amount by which the assessment was increased, from March 16, 1960, to the date of the judgment. The plaintiff's appeal to us is confined to so much of the judgment as pertains to the amount of interest.

The plaintiff assigns error in the finding, but it

has not pursued the matter in its brief or filed an appendix containing pertinent evidence, as required by the rule, and we disregard the assignment. Practice Book §§ 396, 447, 448; *Parkway Trailer Sales, Inc.* v. *Wooldridge Bros., Inc.,* 148 Conn. 21, 22, 166 A.2d 710; Maltbie, Conn. App. Proc. §§ 163, 164, 330, 331.

Under General Statutes § 13-145, the commissioner can condemn land necessary for highway purposes, and "the owner . . . shall be paid by the state for all damages." The assessment is made by the commissioner and "filed by him with the clerk of the superior court in the county in which the land affected is located." The clerk then gives notice to the owner by mailing a copy of the assessment to him. At any time thereafter, the commissioner can begin the proposed public works. The assessment is made when the filing with the clerk takes place. *Kratochvil* v. *Cox,* 129 Conn. 246, 251, 27 A.2d 382; *Munson* v. *MacDonald,* 113 Conn. 651, 657, 155 A. 910. In *Clark* v. *Cox,* 134 Conn. 226, 228, 56 A.2d 512, we held that the land is taken when the assessment by the commissioner is filed. The landowner is entitled to interest at the legal rate of 6 percent (General Statutes § 37-3) from the date of the filing of the assessment to the date of payment, as a proper element of damages for the taking. *Clark* v. *Cox,* supra, 231; 1 Orgel, Valuation under Eminent Domain (2d Ed.) § 5, pp. 22-24; 3 Nichols, Eminent Domain (3d Ed.) § 8.63; see cases in note, 36 A.L.R.2d 337, 413.

The General Assembly, at its special session in November, 1955, adopted what is, as amended in 1957, now General Statutes § 48-11. Nov. 1955 Sup., § N220; Public Acts 1957, No. 384. This statute provides, in substance, that when land is taken by

the state and the owner cannot agree with the state on the amount of the compensation, the taking authority shall file, with the court to which a petition for the assessment of just damages has been preferred, a statement of the sum of money estimated by the taking authority to be just compensation. This sum shall then be deposited in the court to the use of the person entitled thereto, and notice given him by the clerk. The statute specifically states: "Interest shall not be allowed in any judgment on so much of such amount as had been deposited in said court." Upon application to the court by the person claiming to be entitled to the sum deposited, the court may order the sum or any part of it to be paid to him.

The obvious intent of this legislation was to make available to the landowner the amount of any assessment made by the commissioner or so much of it as the court might determine, and so prevent the running of interest on that amount during the pendency of any further proceedings. This legislation is very similar to the federal legislation on the subject. 46 Stat. 1421, 40 U.S.C. § 258a; *United States* v. *Miller,* 317 U.S. 369, 381, 63 S. Ct. 276, 87 L. Ed. 336; see 6 Conn. H. Proc., Pt. 8, 1955 Sess., pp. 363-364.

After the commissioner has filed his assessment as provided in § 13-145, the owner of the land taken has two courses open to him. Under § 13-146, he may file a written acceptance with the clerk of the court, who thereupon notifies the comptroller and the highway commissioner of it. If the amount is less than $15,000, the comptroller draws his order on the treasurer for payment. If the amount exceeds $15,000, payment can be made only after approval of the amount by a state referee. By

§ 13-150, if the owner of the land taken claims to be aggrieved by the commissioner's assessment, he may apply, within six months of its filing, to the court for a reassessment. At this juncture, § 48-11 becomes operative. The reassessment proceedings before a state referee, the filing of the report, its acceptance and the entry of judgment on it are time consuming. Then too, there is the possibility of an appeal from the judgment. If the landowner applies for a reassessment, the commissioner, having already filed his assessment setting forth his estimate of the damages, makes a deposit of that amount in court. § 48-11. This was not the case when *Clark* v. *Cox*, 134 Conn. 226, 56 A.2d 512 (1947), was decided. Until the enactment in 1955 of what is presently § 48-11, the landowner could apply for a reassessment and appeal from the judgment and be confident that he would be entitled to interest on the amount finally fixed by the court.

The fair intent of §§ 13-145 and 48-11, when read together, is that the landowner is not entitled to interest on any sum of money which has been deposited with the court and is available to him. The deposit has the effect of a tender and stops the running of interest on the amount available. *Loomis* v. *Knox*, 60 Conn. 343, 352, 22 A. 771; *Heal* v. *Richmond County Savings Bank*, 127 App. Div. 428, 433, 111 N.Y.S. 602, aff'd, 196 N.Y. 549, 89 N.E. 1101; *United States* v. *6.87 Acres of Land*, 52 F. Sup. 594, 598, aff'd, 147 F.2d 351 (2d Cir.); 3 Nichols, Eminent Domain § 8.63[2]; see also cases collected in note, 36 A.L.R.2d 337, 467. The case at bar is distinguishable from *Housing Authority* v. *Pezenik*, 137 Conn. 442, 78 A.2d 546. In that case we held (p. 447) that the deposit did not stop the running of interest because the property owner was

given no right to obtain possession of it. See 1 Orgel, op. cit., p. 32. When the money is deposited, the court, by its order, can direct payment. The court can hardly, however, order payment unless the landowner has applied for it, and he would not ordinarily apply for it without notice that the funds had been deposited and were available as required by § 48-11. In the instant case, that date of notification was September 7, 1960.

On February 7, 1956, the judges of the Superior Court voted to designate the state treasurer as the depositary for funds to be deposited in court under § 48-11. The procedure developed by the judges was one within their rule-making power. *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 232, 140 A.2d 863. The trial court found that when the $125,000 was transferred on the books of the comptroller and the treasurer from the highway fund to the Superior Court condemnation award fund, the money became subject to the order of the court. The transfer occurred on August 24, 1960, well before the plaintiff applied for payment on September 24, 1960. The plaintiff has no reason to complain of the procedure followed. One cannot raise a challenge of constitutionality when he has not been harmed. *State* v. *Hurliman,* 143 Conn. 502, 506, 123 A.2d 767; *State* v. *Donahue,* 141 Conn. 656, 665, 109 A.2d 364. Under the rule of *Clark* v. *Cox,* 134 Conn. 226, 56 A.2d 512, interest on $145,000, the amount of compensation found by the court, began to accrue on March 16, 1960, the date of the taking, and terminated on September 7, 1960, the date when notice was given to the plaintiff that $125,000 was available to it. The plaintiff is entitled to interest on $20,000 from September 7, 1960, until the date of final judgment.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.