[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR DETERMINATION OF INTEREST APPLICABLE TO FUNDS ON DEPOSIT
CT Page 3015
Defendant Middletown Realty Associates Limited Partnership (MRALP) has moved for a determination of interest recoverable by it on funds in the amount of $260,000 deposited by the City of Middletown (City) in this eminent domain proceeding.
On November 22, 1996, the City condemned real property owned by MRALP for the purpose of erecting a police station. As a part of the proceedings, the City filed a Statement of Compensation and deposited with the Clerk of the Superior Court the sum of $260,000. Notice of such statement and deposit were served upon MRALP. Under the provisions of General Statutes § 8-130, any person claiming an interest in the amount deposited could then apply to the court for payment of the amount on deposit.
MRALP filed its initial application for release of the funds on deposit on May 1, 1998. Subsequent applications with supporting documents requested by the court were filed on October 21, 1998, and February 12, 1999.
General Statutes § 8-13 covers the withdrawal of funds deposited with the clerk in connection with a statement of compensation. The statute requires that the court determine the equities before the funds may be released. The equities in this matter were not finally determined until the hearing held March 2, 1999.
MRALP claims interest on the funds on deposit, however, §8-130 provides that "(i)nterest shall not be allowed in any judgment or so much of the amount as has been deposited in court." Salgreen Realty Co. v. Ives, 149 Conn. 208, 213 (1962).
MRALP argues that General Statutes § 37-3c has superceded § 8-130 and that interest should be allowed under the provisions of this statute. This section, however, only allows the recovery of interest by the condemnee, from the date of taking to the date of payment "on any sum awarded in excess of the amount deposited by the condemnor." McCarthy v. Bridgeport,21 Conn. App. 359, 365 (1990). A review of the file indicates that interest on the sum has been paid.
Since there is no statutory authority to award interest on the amount on deposit, none can be awarded. CT Page 3016
Joseph J. Purtill Judge Trial Referee