REDEVELOPMENT AGENCY OF THE CITY OF NORWALK *v.* THE NORWALK ALUMINUM FOUNDRY CORPORATION

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 7—decided July 20, 1967

*Sidney Vogel,* for the appellant (defendant).

*Vincent D. Flaherty,* for the appellee (plaintiff).

KING, C. J. The defendant owned the equity of redemption in certain land and buildings in Norwalk which it used and occupied for the operation of a foundry. On May 17, 1961, the plaintiff, under powers of eminent domain granted it by statute, recorded a certificate of taking of the defendant's property. Under the provisions of § 8-129 of the General Statutes, this constituted a taking of the property as of that date. *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 45, 229 A.2d 352. Prior to the filing of the certificate of taking, the plaintiff, as required by the provisions of § 8-130, deposited with the clerk of the Superior Court $53,637.42, which was the amount of the assessment of damages to which the plaintiff had decided the defendant was

entitled. See *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 213, 177 A.2d 673.

The defendant appealed from the amount of the assessment, and it was ultimately increased, on July 19, 1962, to $60,000. The amount deposited in court was disbursed in the payment of the first and second mortgages on the condemned property and for accrued taxes thereon as of the statutory date of taking (now see General Statutes [Rev. to 1966] § 8-129a), leaving a balance of $3053.39, which was paid to the defendant.

On May 19, 1961, the plaintiff had notified the defendant to vacate the premises by June 1, 1961, that the property was scheduled to be demolished, and that, if the defendant remained in possession after that date, it would be charged $500 a month as rental. The defendant refused to pay any rental or to vacate the premises. On October 20, 1961, the plaintiff, pursuant to the provisions of General Statutes § 8-129, obtained from the Superior Court an execution for immediate possession. The defendant, by various maneuvers, including legal proceedings, successfully kept the plaintiff out of possession of the property, and itself remained in continuous possession, until March 19, 1962, when it finally vacated the premises.

On June 2, 1964, the plaintiff instituted this independent action for the recovery of rental from June 1, 1961, to March 19, 1962, at $500 a month, and, in the alternative, for the recovery of the fair value of the use and occupation of the premises over the same period and in the same monthly amount. See *Trubee* v. *Miller,* 48 Conn. 347, 360. The increase in the amount of the award for the premises, in the approximate sum of $7000, has not been paid into court by the plaintiff since it claims

that the amount of its recovery in this action should be applied against the balance due the defendant on the award as finally made.

From a judgment in the instant action in the amount of $4816.67, the defendant took this appeal, on the basic ground that the plaintiff could not recover rent since the defendant at no time agreed to pay any rental, there was no landlord and tenant relationship, and thus there was no basis on which rental could be collected. The authority of the plaintiff to charge a condemnee rent under any circumstances was also denied. For reasons hereinafter stated, we find it unnecessary to consider these claims as to the plaintiff's right or authority to collect rent, as such, in this action. See, however, *Welk* v. *Bidwell*, 136 Conn. 603, 609, 73 A.2d 295.

Under the express terms of General Statutes § 8-129 "title to such property in fee simple shall vest in the municipality, and the right to just compensation shall vest in the persons [condemnees] entitled thereto." The statute further provides that the condemnor may "enter upon" and "take whatever action is proposed with regard to such property." Thus the statute, as of the statutory taking date of May 17, 1961, (1) vested in the condemnor both the fee simple title and the right to immediate possession of the condemned property and (2) vested in the condemnees the correlative right to receive the fair market value of the property taken. *Waesche* v. *Redevelopment Agency*, supra, 48. If payment was delayed, interest at the legal rate of 6 percent a year would run from the statutory date of taking.[1] General Statutes § 37-3;

---

[1] Differences in the date of taking, in part flowing from differing statutory provisions fixing that date, account in part for differences in decisions in various jurisdictions as to the allowance of interest

*Salgreen Realty Co.* v. *Ives,* supra, 212; 3 Nichols, Eminent Domain (3d Ed., Rev. 1965) § 8.63, p. 150; see also *Clark* v. *Cox,* 134 Conn. 226, 229, 56 A.2d 512.

A fee simple interest with possession, of course, is a whole or unlimited interest embracing all the elements of complete ownership. *Frank Towers Corporation* v. *Laviana,* 140 Conn. 45, 52, 97 A.2d 567. Since possession was lacking, the plaintiff, in paying, as of May 17, 1961, just compensation for a fee simple estate with possession, was, as far as the element of possession is concerned, obviously being required to pay for something which the defendant, by its own action, had prevented the plaintiff from receiving until March 19, 1962. What the plaintiff actually received, as of the date of taking, was, not the defendant's entire interest in the property taken, but that interest less the element of possession during the period in which the defendant kept the plaintiff out of possession and retained possession in itself. Incidentally, as far as appears, the property purportedly taken was useless to the plaintiff until the possession was surrendered by the defendant, and any theoretical right of immediate possession in the plaintiff was of no benefit to it until it could acquire actual possession. Had the defendant surrendered possession to permit the taking statute to operate according to its obvious intention, the correlative provision in the statute giving the defendant compensation for its interest in the condemned property, as of the taking date, would have produced a just and equitable result. But the

on condemnation awards. Cases are collected in an annotation in 36 A.L.R.2d 337, 413, part VIII, and in 4 Later Case Service, pp. 323, 327; as well as in 3 Nichols, Eminent Domain (3d Ed., Rev. 1965) § 8.63 and its 1967 Cumulative Supplement.

defendant, by keeping the plaintiff out of possession, effectually nullified the operation of the taking statute, as far as the element of possession was concerned, for about ten months. In effect, without some equitable adjustment, the condemnee would succeed in having both the use of its equity of redemption in the property and the use of the money found to be its equivalent. See cases such as *Woodward* v. *New Haven,* 107 Conn. 439, 443, 140 A. 814; *Bishop* v. *New Haven,* 82 Conn. 51, 57, 72 A. 646.

The question of what is just compensation, as required under the constitution, is an equitable one rather than a strictly legal or technical one. *Colaluca* v. *Ives,* 150 Conn. 521, 530, 191 A.2d 340; *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 48, 229 A.2d 352. Mechanical rules of thumb cannot be blindly followed. The statute purported to vest a fee simple title, including the right to immediate possession, in the condemnor on the date of taking. See *Canterbury Realty Co.* v. *Ives,* 153 Conn. 377, 384, 216 A.2d 426. Indeed, in the case of an ordinary sale of real estate "as against the vendor, the purchaser is entitled to possession from the time of the delivery to him of a deed by the vendor." 55 Am. Jur. 809, Vendor and Purchaser, § 385; *Foote* v. *Brown,* 81 Conn. 218, 225, 70 A. 699. Actually, the defendant successfully blocked the operation of the taking statute to the extent that the full fee simple title—that is, the full ownership—was in fact not acquired by the condemnor until the defendant vacated the property on March 19, 1962. It follows that the defendant's use and occupation of the property, after the taking date, was contrary to, violative of, and indeed nullified, the provisions of the taking statute and was clearly wrongful. As a con-

sequence, the plaintiff is entitled to an equitable adjustment which will reduce the amount of fair compensation for the full fee simple ownership in the property purportedly vested by the statute in the plaintiff, as of the date of taking, to allow for the defendant's unauthorized and wrongful withholding, over a period of about ten months, of the vital element of possession.

The defendant places great reliance on the case of *Clark* v. *Cox,* 134 Conn. 226, 229, 56 A.2d 512. It is true that that case holds (p. 232) that the fact that the condemnee is not physically dispossessed at the moment of taking does not "necessarily relieve the condemnor of the duty imposed on it of paying interest from the date of the taking." And it may be that, as intimated in that case, the condemnor cannot, for its own purposes and convenience, defer taking possession and, by that action alone, obligate a condemnee remaining in possession, without any agreement or arrangement so to do, to pay the fair value of the use and occupation of the property from the statutory taking date until the condemnor chooses itself to take possession. The language in that portion of the opinion (p. 233) in the *Cox* case apparently relied upon by the defendant indicates that the court had in mind such a situation, where the condemnee "is not in [possession] as a wrongdoer." But nothing of that kind is present in the instant case. The condemnee was in possession as a wrongdoer. It has received payment in full for its entire interest in the property, except for the $7000 increase in the amount of the award, and there is no claim that legal interest has not been allowed on the original award from the date of taking until payment or tender of payment, or will not be allowed in the same manner on

the increase in the amount of the award which has not yet been paid.

We find nothing in *Clark* v. *Cox,* supra, supporting the defendant's position in this case which is, in effect, that, although the statute, as of the date of taking, gives the defendant a right to payment of just compensation for its entire interest in the condemned property (which the statute purports to vest in the condemnor in fee simple, including the right to immediate possession), the statute nevertheless allows this defendant to retain and enjoy its possession of the condemned property, without cost, as long after the taking date as it can contrive to remain in actual possession. The mere statement of the proposition demonstrates its inequity and, we may add, its lack of merit. If, and to the extent that, the *Cox* case supports such a theory, and we do not think that it does, we could not follow it.

Counsel for the defendant conceded in oral argument that $500 a month was a reasonable allowance, if any could properly be made, for the use and occupation of the property in question during the period of the defendant's possession subsequent to the statutory date of taking.

In this case the judgment allowed the plaintiff the reasonable value of the defendant's unauthorized and wrongful use and occupation of the property from June 1, 1961, until it vacated the premises. By its action in withholding possession and thereby physically blocking the full operation of the taking statute, the defendant clearly obligated itself to pay the plaintiff the fair value of the defendant's use and occupation during the period of its wrongful and unauthorized possession. *Woodward* v. *New Haven,* 107 Conn. 439, 443, 140 A. 814. This is without reliance on any theory of rental. It is a method

of enforcing the taking statute notwithstanding the defendant's wrongful violation of it. "[A] statute conferring a privilege or a right carries with it by implication everything necessary to ensure the realization of that privilege or to establish that right in order to make it effectual and complete." *Bergner* v. *State,* 144 Conn. 282, 288, 130 A.2d 293. It is also a method of providing just compensation, on an equitable basis, for the defendant's interest in the property taken under the rule of cases such as *Colaluca* v. *Ives,* 150 Conn. 521, 530, 191 A.2d 340.

Even if the court was, as claimed by the defendant, in error in allowing rental, as such, during the period from the statutory date of taking until the defendant actually surrendered possession to the plaintiff or in assuming that the charging of rent, as such, was within the power of the plaintiff under the facts of this case, either error was harmless. This is because the court awarded the plaintiff $500 a month, which the defendant conceded was the reasonable value of its use and occupation from June 1, 1961 until March 19, 1962, when the defendant finally surrendered possession. This was a method of equitable adjustment to compensate for the defendant's wrongful retention of possession after the taking date, and clearly the defendant has no ground to complain of the judgment as rendered in this action. See *Clark* v. *Cox,* 134 Conn. 226, 234, 56 A.2d 512. When that judgment, with interest from the date of its rendition, is applied against the unpaid balance of compensation owing to the defendant, an equitable result, at least as far as this defendant is concerned, will have been achieved.

There is no error.

In this opinion the other judges concurred.