FLORENCE J. FRANCIS *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

ALCORN, HOUSE, THIM, COVELLO and DEVLIN, Js.

Argued October 10—decided November 21, 1967

*Vincent J. Giedraitis,* for the appellant (plaintiff).

*S. Victor Feingold,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, *Jack Rubin* and *Milton H. Richman,* assistant attorneys general, for the appellee (defendant).

Devlin, J. The plaintiff is appealing from an appraisal of damages for land taken for highway purposes.

The referee filed a report on June 13, 1961, setting the fair market value of the land taken as $148,500. A subsequent amendment allocated $48,500 of this amount as moving costs of the personal property on the land. On February 5, 1963, by order of the court, the matter was returned to the referee for a further hearing in connection with the items concerning the moving costs. On the second hearing, the referee found that the plaintiff was the owner of the real property but had no ownership in any of the personalty on the property condemned. The personalty was owned by Joseph P. Francis and Louis Tucker, who were partners operating under the trade name of Joe's Auto Supply, which was also known as Joe's Auto Parts. Joseph P. Francis, the husband of the plaintiff, is not and never was a party to this appeal. The amended report was further amended to read: "This award for moving costs is dependent upon the conclusion of the Court that the plaintiff is entitled to such recovery." The defendant moved for acceptance of this

report. The court concluded that, under both the order of remand to the referee and the stipulation of the parties, the referee could properly consider and report his conclusion as to the ownership of the personalty. It accepted the report that the plaintiff was not the owner and rendered judgment for $100,000.

Error is assigned in the overruling of the exceptions to the further amended report. Practice Book § 359. Under this section, corrections will not be made in the report unless a material fact has been found without evidence, or there has been a failure to find an admitted or undisputed fact, or a fact has been found in such doubtful language that its real meaning does not appear. *Garofalo* v. *Argraves,* 147 Conn. 685, 687, 166 A.2d 158.

A review of the evidence furnishes adequate support for the findings made by the referee, and the conclusions drawn are legally sound.

The plaintiff contends that the court should not have accepted the amended report because the reference back to the referee was limited and that he was precluded from making the alternate conclusion that the sum of $48,500 first awarded for moving costs could be deleted if the court found that the plaintiff was not the owner of the personalty.

In referring the matter back to the referee, the court "directed [the referee] to hear further evidence in connection with the cost of moving the personal property from the real estate and so revise his figure as to value in connection therewith if he so finds." At the same time the parties stipulated that the referee "may consider all the evidence he has already had, together with any new evidence that might be presented."

The referee found that the personal property was

not owned by the plaintiff, and obviously it was not an element which could be considered as legitimately affecting the market value of the land. *Eljay Realty Co.* v. *Argraves,* 149 Conn. 203, 206, 177 A.2d 677; *Humphrey* v. *Argraves,* 145 Conn. 350, 353, 143 A.2d 432; *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 689, 67 A.2d 851.

There is no error.

In this opinion the other judges concurred.