STATE OF CONNECTICUT *v.* JEANNE A. HARRISON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 15-664-7453J

Argued August 4—decided October 3, 1969

*Wayne W. Sargent,* of Meriden, for the appellant (defendant).

*Robert K. Killian,* attorney general, *Jack Rubin,* assistant attorney general, and *Joseph Neiman,* of Hartford, for the appellee (state).

KOSICKI, J. The state of Connecticut, acting through its highway commissioner, brought this action against the defendant for the value of use

and occupancy of premises which had previously been taken for highway purposes. Upon trial before a jury, the plaintiff offered to prove and claimed to have proved the following facts: On May 16, 1962, the plaintiff, pursuant to General Statutes § 13-145, took by condemnation land and buildings of the defendant on the north side of Colt Highway in Farmington. On that day a certificate of condemnation was filed with the clerk of the Superior Court in Hartford County stating that the assessment, estimated by him as just compensation, was $128,500. General Statutes § 48-11. After due notice was sent to the defendant, this sum was paid to her. The plaintiff also filed its certificate of condemnation for record in the office of the town clerk, and it was recorded on May 16, 1962. General Statutes § 13-149. The defendant occupied the property from the date of condemnation until January 31, 1967. On June 25, 1963, the plaintiff notified the defendant that it intended to charge her and hold her responsible for payment for use and occupancy commencing on July 1, 1963, at the rate of $185 per month, which represented the reasonable value of the use and occupancy. Several written demands for payment for use and occupancy were made after July 1, 1963, during the period the defendant occupied the premises. The defendant paid the demanded rate for a period of twelve months and was indebted for thirty-one additional months for a total of $5735, plus interest in the amount of $1514.99, or a total of $7249.99. The plaintiff acquired by the condemnation the status of owner of the land.

The defendant offered evidence to prove and claimed to have proved: The plaintiff was not the owner in fact but claimed only an easement. There was no landlord-tenant relationship between the parties except that arising from the fact that on or about February 1, 1966—some years after the taking

—the defendant paid the plaintiff $185 a month for twelve months under an agreement that she would not be evicted so long as payments were made and the plaintiff did not require the use of the premises.

All the defendant's assignments of error are directed toward the court's instructions to the jury or to adverse rulings of the court on motions respecting the verdict. We shall consider them in the order presented.

The defendant claims error in the court's refusal to grant her motion for a directed verdict. "The denial of a motion for a directed verdict is never a ground for error. *Lombardi* v. *Laudati,* 124 Conn. 569, 575 . . . ." *Chykirda* v. *Yanush,* 131 Conn. 565, 566; *Cervino* v. *Coratti,* 131 Conn. 518, 519; *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 164; Maltbie, Conn. App. Proc. § 113.

The basic issues in this case are raised in the second, third and fourth assignments of error. These attack the court's instructions to the jury, mainly on claims of the defendant that the court had erroneously misstated the applicable rules of law and that the errors were harmful to the defendant. In effect, it is the defendant's contention that, to enable the plaintiff to sue and recover for use and occupancy of the property taken, the plaintiff must assert and prove title in fee simple and not merely an "easement", and, failing that, the defendant may occupy the property until it is actually entered upon for the purpose of effectuating the "taking" by performance of the acts necessary to highway construction.

In her requests to charge, which the court did not accept, the defendant relied strongly on such cases as *Tyler* v. *Darien,* 115 Conn. 611, 613, *Kratochvil* v. *Cox,* 129 Conn. 246, 249, and *Arborio* v. *Hartford*

*Electric Light Co.,* 130 Conn. 592, 595. These cases, in our opinion, do not support the proposition advanced by the defendant. They were decided before the present law pertaining to condemnation of real property for highway uses became effective, and they do not directly involve the exact issue here, i.e., what residuum of rights does the condemnee have when all of her property is taken for a public highway use under General Statutes § 13-145 and full value is paid to her for the taking? The answer to this question, as it bears on the instant case, may be found in *Clark* v. *Cox,* 134 Conn. 226, 229. In ruling on the extent of the legal interest acquired by the state, the court there held: " '[T]aking' means the accomplishment of the legal step whereby the landowner's *right of possession* is terminated. Accordingly, the taking of the plaintiffs' land occurred on . . . the date when the . . . [commissioner's] assessment was filed." (Italics supplied.) The court said further (pp. 233–34): "[T]he owner is entitled to interest even though he remains in possession but must account to the condemnor for this use of the property . . . . Therefore, where the former owner continues in possession after his property has been taken by the state pursuant to the statute, whether such occupancy be pursuant to an express agreement between him and the highway commissioner or to an implied agreement, the right of the state to recovery therefor can and should be determined in an independent proceeding brought in the name of the highway commissioner on its behalf." That procedure was followed in this case. Counsel for the defendant admitted on trial that just compensation had been paid to the defendant. Therefore, that question is not before us.

It is clear that the rule in Connecticut, briefly stated, is as follows: Provided the assessment of damages is made available to the owner at the time

of condemnation, upon his demand, and there is reserved to him the right to appeal from the assessment and the right to such additional compensation, with interest thereon, as may be adjudged, there is no right of occupation of the condemned premises by the condemnee even though the taking be that of an "easement" for highway purposes. The condemnee cannot retain and enjoy possession of the condemned property, without cost, as long after the taking date as he can contrive to remain in actual possession. He cannot have both the use of the property and the compensation for it. "The mere statement of the proposition demonstrates its inequity and, we may add, its lack of merit." *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* 155 Conn. 397, 404.

Where property is taken for public use and condemned in its entirety, just compensation to the owner " 'means a fair equivalent in money for the property taken . . . as nearly as its nature will permit. Ordinarily, although not necessarily, this is the market value of the property taken. But the question of what is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken.' *Colaluca* v. *Ives,* 150 Conn. 521, 530 . . . ." *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 48. For an illuminating statement of the law we consider applicable in this case, reference is made to *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 212–14.

The court was not in error in refusing to charge, as the defendant requested, that to entitle the plaintiff to the value of use and occupancy the condemnation statute must authorize a taking of an interest in

fee simple; nor is it necessary for the plaintiff to prove an agreement with the condemnee to recover for the latter's continued occupation.

The right of the plaintiff derives from use and occupancy of premises to which it acquired exclusive possession at the time of the taking. "Where there is no agreement on the terms of continued occupancy, the obligation arising from such occupancy is one for the reasonable value thereof. *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation*, 155 Conn. 397, 404; *DiCostanzo* v. *Tripodi*, 137 Conn. 513, 515." *State* v. *Sallak*, 5 Conn. Cir. Ct. 107, 112. No claim is made that $185 for each month of the defendant's occupancy was unreasonable or that the total value was incorrectly estimated. The verdict and judgment cannot be disturbed.

The court did not err in charging the jury as to the addition of interest to the principal amount found due. The court correctly followed the plaintiff's requests to charge that interest at the rate of 6 percent per year may be recovered by the plaintiff for the "detention of money after it becomes payable." General Statutes § 37-3; *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 261; *Goldman* v. *Coppola*, 149 Conn. 317, 328; *Campbell* v. *Rockefeller*, 134 Conn. 585, 591. Interest does not have to be specially claimed in the demand for relief in the writ, summons and complaint in order to be recoverable by the plaintiff. Practice Book §§ 90, 800. The defendant gains nothing by this assignment of error.

The fifth claim of error requires no discussion. It incorrectly quotes from the charge as contained in the transcript. The error claimed is that the court, in instructing the jury concerning the burden of proof said: "*Probably,* the burden is on the plaintiff." (Italics supplied.) The error, if any, is in the transcript. The court accepted the defendant's

fourth request to charge, which read, as stated in the assignment of errors: "The plaintiff can only be entitled to compensation for the defendant's continuing occupation upon proper allegations and supporting proof. *Properly,* the burden is on him . . . ." (Italics supplied.) The defendant made no effort to correct the finding, which might have resulted in the correction of the transcript instead. Moreover, the defendant did not brief this assignment of error, and we may treat it as having been abandoned.

The final assignment of error is the denial by the court of the defendant's motion for judgment notwithstanding the verdict. The record fails to show that such a motion was made or acted on. The court did hear a motion to set aside the verdict. This was denied. Such a motion is tested by the evidence and not by the finding. The defendant does not set out specifically any reasons for this assignment, and it is not briefed. She relies on a favorable disposition of the preceding assignments of error to support the final claim in a pro forma ruling. In view of what we have said concerning the other assignments, no further consideration need be given to this last claim.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.