TOWN OF SOUTHINGTON *v.* FLORENCE J. FRANCIS ET AL.

KING, C. J., ALCORN, HOUSE, THIM and LEVINE, Js.

Argued November 7, 1969—decided January 15, 1970

65

*Vincent J. Giedraitis,* for the appellant (named defendant).

*Joseph H. Thalberg,* with whom was *Alan I. Scheer,* for the appellee (plaintiff).

HOUSE, J. There is no dispute about the basic facts in this case. On August 19, 1960, the state highway commissioner took by condemnation 13.8 acres of a thirty-five-acre tract in Southington owned by Florence J. Francis and occupied by her and her husband. See *Francis* v. *Ives,* 155 Conn. 570, 236 A.2d 894. A junk business had been conducted on the property, and tons of personal property, mostly junk merchandise, were on the land when the commissioner acquired title. In April, 1961, the personal property not having been removed, the commissioner, acting pursuant to § 48-23 of the General Statutes, obtained from the Superior Court an order that he be put in peaceable possession of the condemned acreage. In June, 1961, a deputy sheriff for Hartford County, acting by virtue of executions issued by the Superior Court, proceeded to remove from the land acquired by the

commissioner the mass of junk merchandise. He placed it along the shoulders of the adjoining highway for a distance of about two miles on both sides. Thereafter, a resident in front of whose home some of the property had been placed brought an action in the Superior Court against the selectmen of the town of Southington seeking an order that they forthwith remove the property stored along the highway. In that action, to which the present defendants were not parties, a mandatory injunction was issued directing the selectmen "to remove forthwith in accordance with the provisions of Section 52-549, the junk, scrap metals, scrap materials, trucks, machinery and all other personal property now stored on the Meriden-Waterbury Road (also known as Route 6-A) in the Town of Southington, provided the same has been upon the highway for at least twenty-four hours." In accordance with that order, the selectmen caused the property to be removed from the highway and stored, and, when the defendants did not call for it within fifteen days after the removal, it was sold at public auction.

The town thereupon brought the present action against the defendants claiming $28,410.80 as the cost of the removal and storage less the proceeds of the sale. The defendants' demurrers to the complaint and substituted complaint were overruled, and the case was tried to a jury. Mrs. Francis testified that she had been the owner of the real estate taken by eminent domain, that she was the owner of all the articles removed therefrom and stored upon the highway, and that the articles were on the highway for more than twenty-four hours before they were removed therefrom. The court directed a verdict in favor of Mr. Francis, and with that directed verdict the jury also returned a verdict

in favor of the plaintiff against Mrs. Francis for $28,410.80 plus interest. The court denied a motion by Mrs. Francis to set aside the verdict against her and for judgment notwithstanding that verdict, and judgment was rendered on the verdicts as returned. It is from that judgment that Mrs. Francis has taken this appeal, and, except as otherwise indicated, we will hereinafter refer to her as the defendant.

The defendant has abandoned many of her assignments of error which have not been briefed. *Nowell v. Nowell,* 157 Conn. 470, 484, 254 A.2d 889. Although raised variously by claims of error in the overruling of her demurrers and by asserted error in the court's charge and in the denial of her motion for a directed verdict, the basic claim of the defendant is that § 52-549[1] of the General Statutes is not applicable to the facts of this case because operation of that statute is limited to cases of eviction by summary process, because she was not a "tenant" within the meaning of that word as used in § 52-549 and because § 52-549 does not authorize the plaintiff to recover from her the reasonable cost of removing, storing and selling her personal property. As the

[1] "Sec. 52-549. EJECTED TENANT; SALE OF PERSONAL EFFECTS. Whenever a tenant is ejected by legal process, and his personal effects are set out on the sidewalk, street or highway, and are not immediately removed by the tenant, the selectmen of the town shall remove and store the same and such removal and storage by the selectmen shall be at the expense of such tenant; and, if such effects are not called for by such tenant and the expense of such removal and storage is not paid to such selectmen within fifteen days after such ejectment, the selectmen shall sell the same at public auction, after posting notice of such sale for one week on the public signpost nearest to the place where the ejectment was made, and shall deliver to such owner or tenant on demand the net proceeds of such sale, if any, after deducting a reasonable charge for removal and storage of such effects; and, if not so demanded within thirty days, shall turn over such net proceeds to the town treasury."

defendant stated in her brief: "Each point of the defendant's brief attempts to show that the legislature intended that Section 52-549 apply only to actions brought under the Summary Process chapter."

In short, it is the contention of the defendant that the General Assembly intended that § 52-549 apply only to evicted lessees wrongfully holding over after their lease has terminated, that the defendant was not an "ejected tenant" as that term is used in § 52-549, that the plaintiff submitted to the jury "no evidence of a tenancy," that the court erred in excluding evidence to rebut the plaintiff's evidence that the defendant refused to vacate the property, and that the court erred in withdrawing from consideration by the jury a special defense filed by the defendant.

Our decision of this appeal is unnecessarily complicated by reason of the procedure adopted by the defendant. She has assigned and briefed claimed errors both in the court's charge and in its denial of the defendant's motion to set aside the verdict and for judgment notwithstanding the verdict because the verdict is not supported by the evidence. Assignments of error addressed to the charge are tested by the claims of proof as they appear in the finding. Practice Book § 635; *Begley* v. *Kohl & Madden Printing Ink Co.*, 157 Conn. 445, 447, 254 A.2d 907; *Intelisano* v. *Greenwell*, 155 Conn. 436, 444, 232 A.2d 490. On the other hand a claim that a verdict is not supported by the evidence is tested by the evidence printed in the appendices to the briefs. *Prystash* v. *Best Medium Publishing Co.*, 157 Conn. 507, 508, 254 A.2d 872; *State* v. *Mortoro*, 157 Conn. 392, 393, 254 A.2d 574; see Practice Book §§ 716–21. The defendant printed no appendix to her brief, and,

in her attack on the court's rulings on the verdict, she improperly relies on her claims of proof in the finding rather than on the evidence.

We do not agree with the basic contention of the defendant that "[w]ithout evidence of a landlord-tenant relationship, created by the parties, there can be no recovery for the town's expenses" under General Statutes § 52-549.  What is now § 52-549 was originally adopted as chapter 105 of the Public Acts of 1895 as a single act not in any way connected with the summary process statutes to which it made no reference.  The summary process statutes had been in effect since 1806.  See *Lorch* v. *Page,* 97 Conn. 66, 72, 115 A. 681.  It is of significance to note that in the same 1895 session, the General Assembly by another act entitled "An Act concerning Summary Process" amended § 1355 of the Revision of 1888 (the predecessor of what is now General Statutes § 52-532) providing under what circumstances an action in summary process might be brought.  See Public Acts, 1895, c. 124.  Section 1355 originally and as amended in 1895 authorized summary process only in cases in which a "lessee" was in possession of leased premises.[2]  On the other hand, the same legislature in adopting what is now § 52-549 enacted chapter 105 under the title "An Act concerning the Removal, Storage and Sale of Personal Effects of

---

[2] It is to be noted that by subsequent amendments the scope of summary process actions has been greatly expanded beyond situations where the parties stood in the relationship of lessor and lessee.  By Public Acts 1957, No. 291, entitled "An Act concerning Summary Process against Unlawful Occupancy of Real Property", what is now General Statutes § 52-532 was amended to authorize summary process where premises "or any part thereof, is occupied by one who has no right or privilege to occupy said premises, or where one originally had the right or privilege to occupy said premises but such right or privilege has terminated and the owner or lessor . . . shall desire to obtain possession or occupancy of the same."

Ejected Tenants." That act not only made no reference to lessors or lessees or the limited statutory action of summary process but commenced "[w]henever an ejectment of a tenant of any tenement is made by legal process . . . ." In the Revision of 1902, this language was shortened to that now found in § 52-549: "Whenever a tenant is ejected by legal process," and the section was, by the revisers, printed at the end of the chapter providing for actions of summary process. See Rev. 1902, § 1088. "There is a presumption that a general revision of the statutes does not change the law"; *Miller* v. *Phoenix State Bank & Trust Co.,* 138 Conn. 12, 16, 81 A.2d 444; and in the absence of anything evincing a contrary intent, the meaning and the effect of the statute were unchanged. *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638, 648, 68 A.2d 289; *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 393, 400, 161 A. 852.

There is merit to the contention of the plaintiff that the defendant as a matter of law became a tenant at sufferance when she continued to hold possession of the condemned land by occupying it after title and right to possession had passed to the highway commissioner. "A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his right has terminated." *Welk* v. *Bidwell,* 136 Conn. 603, 608, 73 A.2d 295; *Lowell Housing Authority* v. *Save-Mor Furniture Stores, Inc.,* 346 Mass. 426, 193 N.E.2d 585. It is recognized in the common law as the least and lowest estate which can subsist in realty. 2 Blackstone, Commentaries, p. 150; see also 1 Swift, Digest, p. 90. Regardless of such a concept of technical tenancy, however, or the frequent use of the term in juxtaposition with the

word landlord, the word "tenant" is derived from the Latin "teneo" meaning to hold and is defined generally as meaning anyone who holds or possesses land or tenements or who has the occupation or temporary possession of such property, the title to which is in another. Webster, Third New International Dictionary; Black, Law Dictionary (4th Ed.); 86 C.J.S. 553, Tenant. Hence, in common usage in addition to tenants holding possession by agreement with landlords, there are joint tenants, life tenants, tenants in common and tenants by courtesy, all of whom are the holders of some interest in property although their status has no relationship to anyone standing in the position of a landlord or lessor.

We conclude that, since the General Assembly has used the word "tenant" in § 52-549 without modification or restriction and without reference to any lessor or landlord relationship, it is to be taken in its general meaning of the holder or possessor of land and that the defendant, who continued in possession of the condemned property after title and right to possession passed to the highway commissioner, was therefore a tenant within the meaning of that term as used in § 52-549. Her continued "use and occupation of the . . . [condemned tract], after the taking date, was contrary to, violative of, and indeed nullified, the provisions of the taking statute and was clearly wrongful." *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* 155 Conn. 397, 402, 233 A.2d 1. It is an undisputed fact that she was ejected from the property by legal process by virtue of the eminent domain proceedings and the subsequent order of the Superior Court which, pursuant to General Statutes § 48-23, ousted her of her possession of the premises and placed the

highway commissioner in peaceable possession of them.

We find no merit to the contention of the defendant that as used in § 52-549 the words "personal effects" were used in the statute in a sense other than their usual meaning of personal estate, goods, moveables and chattel property. Webster, Third New International Dictionary; Black, Law Dictionary (4th Ed.); 28 C.J.S. 837, Effect. Indeed, the defendant cites no authority for her claim that as used in § 52-549 the words have a more restricted meaning.

The remaining contention of the defendant on this aspect of the appeal is that § 52-549 does not provide for money damages in such circumstances as those disclosed in this case. It is her claim that reimbursement for the expense of removing her property from the highway and storing and selling it is limited to the amount realized from the sale of the removed property. With this contention we cannot agree. Section 52-549 expressly provides that "such removal and storage by the selectmen shall be at the expense of such tenant." The further provision that, in the event that the proceeds of the sale exceed the reasonable charges, the net proceeds shall be turned over to the owner of the removed personal property is completely consistent with the provision that the removal and storage be at the expense of that owner. There is no ambiguity in the statute. If the proceeds of the sale do not cover the reasonable charges, the ejected owner of the personal property remains liable for the difference. If the proceeds of the sale exceed such reasonable charges, then, logically, the net proceeds are, on demand, to be paid to the owner of the property and if not so demanded then turned over to the town treasury.

We conclude, accordingly, that there was no error in the decision of the trial court holding that the rights and duties of the parties are, under the circumstances, governed by § 52-549, that it properly overruled the defendants' demurrer to the plaintiff's substituted complaint which sufficiently alleged a cause of action under the provisions of that statute, and that the evidence summarized in the appendix to the plaintiff's brief amply justified the rulings of the court in denying the motions of the defendant to set aside the verdict and for judgment notwithstanding the verdict.

We turn now to the assignments of error addressed to the charge and rulings on evidence. We find no error in the refusal of the court to charge in accordance with the four specific requests filed by the defendant. Each of these requests was predicated on the defendant's contention that § 52-549 was not applicable to the circumstances of this case in the absence of some landlord-tenant relationship existing between the defendant and the highway commissioner and a construction of the words "personal effects" as limited to articles "associated with the person as property having more or less intimate relation to the person or possessor." As already noted, we find no merit to these contentions.

The defendant has not briefed and is therefore considered to have abandoned all but two of her claims of error assigned to the charge as given. She has pressed claims of error in the action of the court in withdrawing from the consideration of the jury a special defense filed by the defendant. The substance of this defense is that in the action brought against the selectmen to require them to remove the property from the highway, an action to which the defendants were not parties, the select-

men denied the applicability of § 52-549 until the state "offered to save the Town harmless if the Town complied with an order of the Court and proceeded first against the defendants," that as a result the town withdrew its opposition to the state's claim and "voluntarily assumed the obligation to remove the goods under an agreement with the State who is the real plaintiff and hiding behind the Town." In the portion of the charge to which the defendant objects, the court reminded the jury that at the time the pleadings were read the court had informed them that the issue raised by this specially pleaded defense was a legal issue to be decided by the court and that they were not going to have an opportunity to give it any consideration. The court thereafter indicated that a demurrer to the original complaint had been filed and sustained "meaning that, as a matter of law, the defense was insufficient" and also stated "[m]y ruling is that the demurrer which was filed here must be sustained for the same reasons." The only two demurrers which the record discloses were addressed to the complaint and substituted complaint, not to the special defense, and both demurrers were overruled, not sustained. The court was obviously mistaken in its reference to the action taken on the demurrers. Any error, however, was clearly harmless since it was contained in the portion of the charge which purported to explain to the jury why the special defense had been removed from their consideration. The actual ruling of the court was entirely correct since the facts pleaded in the special defense, even if proved, would not constitute a defense to the cause of action alleged by the plaintiff in this case.

The remaining briefed assignment of error is addressed to an evidential ruling. On direct exami-

nation of Mr. Francis, he was asked to relate the circumstances surrounding the ejectment from the premises by the sheriff and his removal of the merchandise to the highway. The defendants claimed that evidence that they did not refuse to move the merchandise from the land taken by the highway commissioner but were trying to move it and were unable to do so was material to the question whether § 52-549 was applicable to the plaintiff's present action since, they asserted, unless the defendants had the status of tenants with respect to that land, there could be no recovery in the present action. This inquiry was clearly made in the context of the defendants' repeated contention that § 52-549 was inapplicable unless there existed a landlord-tenant relationship between the highway commissioner and the defendants. The court had already properly ruled that in § 52-549 the word "tenant" was not used in such a restricted lessor-lessee sense as the defendants contended and that it was immaterial in the present proceedings whether the failure of the defendants to move the merchandise and quit possession of the property was due to their refusal or to their claimed inability to do so. We find no error in the evidential ruling of the court.

There is no error.

In this opinion the other judges concurred.