## COMMISSIONER OF TRANSPORTATION v. TEXTRON, INC.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 232329
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 7, 1984

*Brewster Blackall,* assistant attorney general, and *Dennis A. Ceneviva,* for the plaintiff.

*Robinson, Robinson & Cole,* for the defendant.

ASPELL, J. The commissioner of transportation has brought the present suit to recover from the defendant the reasonable value of its use and occupancy of a certain parcel of land located at the northwest corner of John and Whiting Streets, New Britain. The time period in question runs from September 8, 1966, when the commissioner effectuated a de facto taking of the defendant's property, until August 22, 1973, the date on which the commissioner filed a statutory taking pursuant to General Statutes § 13a-73 (b). In 1966, the commissioner advised the defendant of his intent to take the defendant's property. On the basis of this advice, the defendant constructed new facilities and, in 1967, relocated its operations to them, leaving the

property in question largely vacant. The commissioner did not, however, "formally" take the defendant's property until August 22, 1973, at which time he filed a statutory certificate of taking and paid into court the assessed value of the property pursuant to General Statutes § 13a-73 (b).

On April 12, 1971, prior to the commissioner's formal condemnation of the property, the defendant filed suit for a declaratory judgment that the commissioner had effectuated a de facto taking on September 8, 1966. The Superior Court rendered judgment in favor of the defendant on February 21, 1973. That judgment was affirmed on appeal. *Textron, Inc.* v. *Wood,* 167 Conn. 334, 355 A.2d 307 (1974). A statutory condemnation was then undertaken and the defendant was awarded damages and interest from September 8, 1966.

The commissioner now brings suit on the issue of liability, to determine whether the reasonable value of the defendant's use and occupancy for the period of the de facto taking should be awarded. During this period, the commissioner disclaimed all right, title and interest in the property and actual title was held by the defendant. The defendant insured and maintained the property at its own expense and paid all taxes assessed on it. Prior to the initiation of the statutory taking, the commissioner never demanded possession from the defendant. There were no discussions or agreements between the parties regarding liability for use and occupancy for this period.

The issue to be determined here is whether a condemnee who remains in possession of property condemned by a de facto taking is liable to the condemnor for the reasonable value of its use and occupancy of the property.

A taking of private property by the state for highway purposes pursuant to the statutory eminent domain procedure is complete when the compensation

assessment is filed with the clerk of the Superior Court. General Statutes § 13a-76 (b); *Textron, Inc.* v. *Wood,* supra, 345–46; *Carl Roessler, Inc.* v. *Ives,* 156 Conn. 131, 139, 239 A.2d 538 (1968). A constitutional or de facto taking occurs when the state substantially interferes with private property to the extent that the value of the owner's use or enjoyment is substantially destroyed. *Textron Inc.* v. *Wood,* supra, 346; *Dooley* v. *Town Planning & Zoning Commission,* 151 Conn. 304, 319, 197 A.2d 770 (1964). The taking of the defendant's property in the present case was a de facto taking. *Textron, Inc.* v. *Wood,* supra, 350. Once a taking is completed by either means, title and the right of possession vests in the state. *Textron, Inc.* v. *Wood,* supra, 346, 350; *Carl Roessler, Inc.* v. *Ives,* supra, 142–43; *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* 155 Conn. 397, 404, 233 A.2d 1 (1967).

Several Connecticut cases have held a condemnee who remains in possession of property, condemned by statutory procedure, after title and right to possession have passed to the state liable for the reasonable value of its use and occupancy. *Southington* v. *Francis,* 159 Conn. 64, 71, 266 A.2d 387 (1970); *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra, 403; *State* v. *Harrison,* 6 Conn. Cir. 96, 101, 266 A.2d 413 (1969); *State* v. *Sallak,* 5 Conn. Cir. 107, 112, 244 A.2d 60 (1968). There are, however, no reported decisions on the issue of whether reasonable use and occupancy value may be assessed against a condemnee who remains in possession of *constitutionally* taken property.

While in both types of takings the state acquires title and right to possession and the condemnee is awarded just compensation; Conn. Const., art. I § 11; General Statutes § 13a-73 (b); *DeMello* v. *Plainville,* 170 Conn. 675, 368 A.2d 71 (1976); there are significant distinctions as to notice and procedure which may justify

awarding the value of use and occupancy in a statutory taking and not awarding it in a constitutional taking. In all cases in which the holdover condemnee was held liable, the condemnee was aware that the state had initiated condemnation proceedings by filing a certificate of assessment. *Southington v. Francis*, supra, 70; *Redevelopment Agency v. Norwalk Aluminum Foundry Corporation*, supra, 398–99; *State v. Harrison*, supra, 100; *State v. Sallak*, supra, 112. The state had also given the condemnee notice to vacate. *Southington v. Francis*, supra; *Redevelopment Agency v. Norwalk Aluminum Foundry Corporation*, supra, 398–99, 404–405; *State v. Harrison*, supra, 100; *State v. Sallak*, supra, 112. In some cases, the state had already paid compensation. *Redevelopment Agency v. Norwalk Aluminum Foundry Corporation*, supra, 403; *State v. Sallak*, supra, 97.

Furthermore, in all the cases which awarded to the condemnor the reasonable use and occupancy value of the condemnee's continued possession, the court found the continued possession wrongful. See, e.g., *Slavitt v. Ives*, 163 Conn. 198, 207, 303 A.2d 13 (1972); *Southington v. Francis*, supra, 70–71; *Redevelopment Agency v. Norwalk Aluminum Foundry Corporation*, supra, 403; *Clark v. Cox*, 134 Conn. 226, 233, 56 A.2d 512 (1947). There must be either a breach of an express or an implied agreement; *Southington v. Francis*, supra, 70–71; *Clark v. Cox*, supra, 234; *State v. Sallak*, supra, 112; or some inequity in retaining possession as well as receiving compensation as its equivalent. *Redevelopment Agency v. Norwalk Aluminum Foundry Corporation*, supra, 402. Use and occupation is not, in itself, a basis upon which to find liability; there must be, as in the case of an implied contract, at least an intent by the condemnor to charge and an intent by the condemnee to pay, or circumstances such that he ought reasonably to know the condemnor expected pay-

ment. *Clark* v. *Cox,* supra, 234. A condemnee who once rightfully entered possession of the property and who wrongfully retains possession after condemnation becomes a tenant at sufferance and, consequently, impliedly agrees to pay the reasonable value of such use and occupancy. *Southington* v. *Francis,* supra, 70–71; *State* v. *Sallak,* supra, 112. The right to recover the reasonable use and occupancy value arises not from any agreement, but rather from the equitable nature of just compensation. *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra 404–405. The obligation arises as a method of enforcing the taking statute. *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra, 404–405. Since the condemnee wrongfully prevented the state from acquiring full fee simple title, the condemnee obligated itself to pay the fair value of its use and occupancy as an equitable adjustment for its wrongful and unauthorized retention of possession after the taking date. *Southington* v. *Francis,* supra, 71; *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra, 403–404. Where, however, the condemnee is not in possession as a wrongdoer, liability has not been assessed. *Clark* v. *Cox,* supra, 235 (use and occupancy value denied where state could have taken possession but failed to do so for the period for which it claimed recovery). See also *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra, 403.

It is the opinion of this court that the defendant in the present case did not wrongfully retain possession after the "taking date." The defendant was not even aware of the actual date of the taking until the court rendered judgment in the declaratory judgment action, affirmed on appeal in 1974, which the defendant brought to determine if its property had been constitutionally taken. Although the state could have statutorily taken the defendant's property at any time; General

Statutes § 13a-73 (b); *Textron* v. *Wood,* supra, 345; prior to August 22, 1983, it neither filed a certificate of assessment, nor notified the defendant to vacate nor claimed any interest in the property. On the contrary, the state disclaimed all right, title and interest to the property for the entire period for which it seeks to recover the use and occupancy value from the defendant. It was not until well after the defendant had brought a successful declaratory judgment action that the state paid the compensation and filed the certificate.

As in *Clark* v. *Cox,* supra, where use and occupancy value was denied, the state could have taken possession of the defendant's property at any time. When the condemnee is not placed in the position of continued possession by any act of his own, and is therefore not in possession as a wrongdoer, there is no justice in charging him an assumed value. *Clark* v. *Cox,* supra, 233. "[I]t may be that, as intimated in that case [*Clark* v. *Cox,* 134 Conn. 226, 56 A.2d 512 (1947)], the condemnor cannot, for its own purposes and convenience, defer taking possession and, by that action alone, obligate a condemnee remaining in possession, without any agreement or arrangement so to do, to pay the fair value of the use and occupation of the property from the statutory taking date until the condemnor chooses itself to take possession." *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* supra, 403. If a condemnor is not entitled to reasonable use and occupancy value when a condemnee remains in possession through no fault of its own after it is aware that the state has statutorily taken its property, recovery should be denied when the condemnee's property is taken constitutionally and without its knowledge.

In light of the foregoing, therefore, the state's claim for the reasonable value of the defendant's use and occupation of the subject property is denied.