[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' motion to strike does not give due regard to the standard of review which this court is duty-bound to follow. "In deciding . . . a motion to strike . . . a trial court must take the facts to be those alleged in the complaint; Blancato v.Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987);DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); and `cannot be aided by the assumption of any facts not therein alleged.' Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406
(1977); Wexler Construction Co. Housing Authority, 144 Conn. 187,194, 128 A.2d 540 (1956)." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348-349, 576 A.2d 1491 (1990). Moreover, "[t]he allegations of the pleading involved are entitled to the same CT Page 4037 favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail. Alarm Applications Co. v. SimsburyVolunteer Fire Co., supra." Mingachos v. CBS, Inc., 196 Conn. 91,108-109, 491 A.2d 368 (1985); see LeConche v. Elligers,215 Conn. 701, 716, 579 A.2d 11 (1990) ("Pleadings should be read broadly and realistically, and not narrowly and technically."). Construing the paragraph 3 of the plaintiff's complaint in this manner, the defendants named therein may be deemed persons entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others and therefore tenants, as defined in General Statutes § 47a-1(1). Evidence could establish that the documents adverted to in that paragraph are among the contract documents. Notably, paragraph 13 of the lease provides, inter alia: "The Tenant agrees to permit other individuals to reside in the unit only after obtaining the prior written approval of the Landlord." Paragraph 16a.[2] of the lease provides: "If any of the following changes occur, the tenant agrees to advise the Landlord immediately . . . An adult member to the household who was reported as unemployed on the most recent certification or recertification
obtains employment." (Emphasis added.)
Secondly, General Statutes § 47a-1(1) defines "tenant" to be such "as is otherwise defined by law." Under the common law definition of "tenant" in Southington v. Francis, 159 Conn. 64, 71,266 A.2d 387 (1970), the defendants may be defined as tenants simply by being holders or possessors of premises.
The motion to strike is denied.
Bruce L. Levi Judge of the Superior Court