[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The complaint alleges the following:
The plaintiff, Alex Martinez, was acquitted of criminal charges that arose from an incident which occurred in the course of his duties as a state police trooper. During the course of his defense the plaintiff incurred over $90,000 in legal fees. The plaintiff requested indemnification from the police department pursuant to General Statutes § 53-39a. The police department refused to indemnify him, and as a result, he commenced this action in the Superior Court against the defendant, State of Connecticut, Department of Public Works, Division of State Police.
The defendant has filed a Motion to Dismiss the plaintiff's complaint asserting that the Statute is protected by the doctrine of sovereign immunity and therefore the court lacks subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
In its memorandum of law, the defendant argues that the court should dismiss the plaintiff's complaint because the indemnification statute on which he relies, General Statutes § 53-39a, does not expressly provide for a right of action against the state. The defendant also argues that the plaintiff must file a claim with the claims commissioner and seek permission to bring an action against the state because the state is protected by the doctrine of sovereign immunity. The defendant further argues that the plaintiff has failed to exhaust his administrative remedies, and, as a result, the court lacks subject matter jurisdiction. In response, the plaintiff argues that General Statutes § 53-39a, by necessary implication, authorizes suit against the state for CT Page 15641 indemnification, and, therefore the claims commissioner lacks jurisdiction over the case, pursuant to General Statutes § 4-142
(2).[1]
General Statutes § 53-39a provides in pertinent part: "Whenever, in the prosecution of an officer of the Division of State Police, within the Department of Public Safety . . . for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer is found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred."
Before determining whether General Statutes § 53-39a allows an officer to bring an action, it must first be determined whether indemnification is mandatory or directory. The defendant argues that it has discretion regarding whether to indemnify the plaintiff The plaintiff argues, conversely, that because of the statute uses the word "shall," if an officer is found not guilty, indemnification is automatic.
"The process of statutory interpretation involves a reasoned search for the intention of the legislature . . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.)Willoughby v. New Haven, 254 Conn. 404, 410, 757 A.2d 1083 (2000). "It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions . . . . Accordingly, care must be taken to effectuate all provisions of the statute." (Citations omitted; internal quotation marks omitted.) Id., 422.
"In order to determine whether a statute's provisions are mandatory [the court has] traditionally looked beyond the use of the word shall and examined the statute's essential purpose . . . . The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience . . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory . . . (Citations omitted; internal quotation marks omitted.) United Illuminating Co. v. New Haven,
CT Page 15642240 Conn. 422, 465-66, 692 A.2d 742 (1997).
"Section 53-39a, which was originally enacted in 1973; see Public Acts 1973, No. 73-627; authorizes indemnification for economic loss, including legal fees, incurred by officers of local police departments who are prosecuted for crimes allegedly committed by them in the course of their duties when the charges against them are dismissed or they are found not guilty . . . The general purpose of the statute is to permit police officers to recoup the necessary expenses that they have incurred in defending themselves against unwarranted criminal charges arising out of their conduct in the course of their employment . . . . Whether the charges are unwarranted, however, is determined objectively, namely, by whether an officer has been found not guilty or the charges have been dismissed." (Citations omitted.) Cislo v. Shelton, 240 Conn. 590, 598,692 A.2d 1255 (1997).
Given this analysis, the court concludes that the statute is mandatory, and that a right to indemnification is automatic upon a finding of not guilty.
The court now must determine how a trooper who is entitled to indemnification pursues a claim. The defendant argues that because of the doctrine of sovereign immunity, the plaintiff must submit his claim to the claims commissioner, and only upon the granting of permission may the plaintiff bring an action in Superior Court. The plaintiff, on the other hand, argues that the indemnification statute abrogates sovereign immunity, and, therefore, he does not need to seek permission from the claims commissioner before commencing suit.
"The nature of sovereign immunity . . . protects the state, not only from ultimate liability for alleges wrongs, but also from being required to litigate whether it is so liable." Shay v. Rossi, 253 Conn. 134, 165,749 A.2d 1147 (2000). "This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." Id., 168.
The legislature has created two avenues for claimants to recover from the state. First, the claims commissioner, through General Statutes § 4-160, has the power to authorize actions against the state when the "[c]ommissioner deems it just and equitable . . . ." General Statutes § 4-160 (a). The claims commissioner also has jurisdiction to hear and determine all claims[2] against the state except . . . claims upon which suit otherwise is authorized by law . . . ." General Statutes § 4-142 (2).
Second, the legislature has waived sovereign immunity through specific CT Page 15643 statutes as well. In such a case, the claims commissioner has no jurisdiction. General Statutes § 4-142 (2). The Supreme Court has "held that a statutory waiver of sovereign immunity constituted a waiver of suit and provided a remedy to enforce such liability as the general law recognizes." Shay v. Rossi, supra, 253 Conn. 166. The Supreme Court has further held that "§ 53-39a, as a statute that abrogates ormodifies governmental immunity, must be strictly construed." (Emphasis added.) Cislo v. Shelton, supra, 240 Conn. 598.
By its unambiguous words General Statutes § 53-39a is a waiver of sovereign immunity as it applies to liability. The statute does not explicitly state, however, that the legislature waived immunity as it applies to filing suit. Because the court is "bound to construe narrowly any statute that modifies or abrogates governmental immunity;" Rawlingv. New Haven, 206 Conn. 100, 112, 537 A.2d 439 (1988); it must be determined whether the waiver of protection from liability contained in General Statutes § 53-39a is also a waiver of protection from suit "by force of a necessary implication." Lacasse v. Burns, 214 Conn. 464,468, 572 A.2d 357 (1990).
"[A] statute conferring a privilege or a right carries with it by implication everything necessary to ensure the realization of that privilege or to establish that right in order to make it effectual and complete." (Internal quotation marks omitted.) Redevelopment Agency v.Norwalk Aluminum Foundry, 155 Conn. 397, 405, 233 A.2d 1 (1967). General Statutes § 53-39a confers upon state troopers the automatic right to indemnification if they are found not guilty of criminal charges. The statute, therefore, by necessary implication, consents to suit against the government because the statute would otherwise be ineffectual.
If the statute is read to waive sovereign immunity only as to liability and not as to suit, the only enforcement mechanism available to a state trooper seeking indemnification would be through the claims commissioner. General Statutes § 4-142. Such a remedy would render the statute ineffective because the claims commissioner has sole discretion to pay or reject any claim.[3] Id. As stated above, however, the indemnification statute is a mandatory provision, and giving the claims commissioner discretion to pay or reject the claim would thwart the purpose of the statute. "[W]e read each statute in a manner that will not thwart its intended purpose or lead to absurd results." (Internal quotation marks omitted.) Southington v. Commercial Union Ins.Co., 254 Conn. 348, 358, 757 A.2d 549 (2000).
Accordingly, this court interprets General Statutes § 53-39a as a waiver of sovereign immunity not only as to liability, but as to suit as well. Therefore, the statute authorizes a state trooper to bring an CT Page 15644 indemnification action directly against the state in Superior Court. As such, the claims commissioner does not have jurisdiction over § 53-39a
indemnification claims because "suit otherwise is authorized by law." General Statutes § 4-142 (2). Consequently, this court has subject matter jurisdiction and the Motion to Dismiss the plaintiff's complaint is denied.
RUSH, J.